(Decided 21st June, 1872.)

---

## The Baltimore and Ohio Railroad Company *vs.* Thomas J. Fitzpatrick, by his next friend, Thomas Fitzpatrick.

*When the Act of the Attorney of a Prochein ami is binding on the Infant—Prochein ami—Infant— Construction of section 14 of Article 18 of the Code.*

An action was brought for and in the name of an infant, who sued by *prochein ami*, and judgment having been recovered by the plaintiff, the amount thereof was paid by the defendant to the attorney of record, who was regularly employed by the *prochein ami* to conduct the action; and by order of the attorney the judgment was entered, "satisfied;" at the time of the payment to the attorney, there was no regularly constituted guardian of the beneficial plaintiff, to receive and receipt for the money recovered. HELD:

That the payment by the defendant to the attorney of record, was a good discharge of the judgment; and his act in receiving the money and directing satisfaction of the judgment to be entered, was binding upon the infant plaintiff.

A *prochein ami* is no party to the suit in the technical sense of the term, although he is responsible for costs. He is considered as an officer of the Court specially appointed to look after the interest of the infant in whose behalf he acts; he may employ an attorney, and carry on the suit to judgment, and in the absence of a regularly constituted guardian for the infant, may receive the money recovered of the defendant, give a sufficient acquittance therefor, and enter satisfaction on the roll.

The right of a *prochein ami*, or of the attorney employed by him, to receive and receipt for money recovered by an infant, is subordinate to that of the regularly constituted guardian of the infant, and where such guardian exists, only he, or some person deriving authority from him, can legally receive and receipt for money due the ward.

Section 14 of Article 18 of the Code of Public General Laws, authorizing the clerk of any Court to enter any judgment or decree satisfied, upon the order in writing of the plaintiff, or his attorney, was not designed to conclude or in any manner affect the question of the attorney's authority to give such order; it was intended simply to direct and empower the clerk, upon the proper order of the plaintiff or his attorney, to enter judgments and decrees satisfied, without an order of Court.

MOTION to strike out the entry of "judgment satisfied."

On the 21st of June, 1871, Thomas J. Fitzpatrick, infant, by his next friend, obtained a judgment against the Baltimore and Ohio Railroad Company, in the Court of Common Pleas, for the sum of $8,000, which on appeal was affirmed on the 12th of January, 1872, (see 35 *Md.*, 32.) Soon afterward the amount of the judgment was paid by the defendant to Robert J. Brent, the attorney of record, regularly employed by the next friend to conduct the action; and on the 30th of January, 1872, by order of Mr. Brent, in writing, the judgment was entered "satisfied." Of the amount of the judgment so received, the sum of $400 was paid by the attorney to the next friend, before the appointment of a guardian to the infant plaintiff. On the 27th of February, 1872, the next friend was, by the Orphans' Court of Baltimore city, duly appointed guardian of the infant, and qualified as such by giving bond as required by law. Subsequent to his appointment as guardian, Thomas Fitzpatrick received from the administrator of Mr. Brent, who had died, the sum of $500.

On the 12th of June, 1872, a motion was made in behalf of the infant, to strike out the entry of "judgment satisfied."

The motion was argued before BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER, ALVEY and ROBINSON, J.

*Robert D. Morrison* and *H. Clay Dallam,* for Thomas J. Fitzpatrick, contended

That payment to the attorney of record was invalid, because:

1st. An attorney, after judgment, is a mere agent for the collection of the same, and the client has a perfect right to prevent the collection by notice to the defendant. *Curran vs. Kaufman,* unreported decision of the Court of Appeals.

In this case the Court say that the defendant having received written notice from the plaintiff not to pay the plaintiff's attorney, was bound to regard said notice, although the plaintiff's attorney still continued the attorney of record. The character of the suit in this case was made known to the defendant by the very terms of the summons. He had full notice constructively, which is as binding in law as if he had received notice in fact. *Magruder vs. Peter,* 11 *G. & J.,* 217; *Williamson vs. Morton,* 2 *Md. Ch. Dec.,* 94; *Miller and Mayhew vs. Williamson, et al.,* 5 *Md.,* 219; *The River Clyde Trustees vs. Duncan,* 25 *Eng. L. & Eq.,* 19.

It is a rule that every one is bound to take notice, where no one is bound to give notice. 1 *Mod.,* 237; *Rundale vs. Eeley—Carter,* 172.

2d. An infant cannot make an attorney nor an agent, therefore the attorney could not have been the agent for the purpose of collection. *Deford vs. The State, use of Keyser, et al.,* 30 *Md.,* 179; 1 *Amer. Leading Cases,* 305, (*5th ed.;*) *Infants' Lawyer,* 53.

An attorney cannot collect where there is no one to whom he can properly pay over. *Trail, use of Buckey, vs. Snouffer,* 6 *Md.,* 315; *Curran vs. Kaufman,* unreported case.

Where a debtor has notice that the debt is due an infant, and improperly pays a third party, he does so at his peril. *The River Clyde Trustees vs. Duncan*, 25 *Eng. L. & Eq.*, 19.

3d. The *prochein ami* could not have bound the infant by receipt of the money. The *prochein ami* is not a party to the suit. He is a mere nominal party, a guardian *ad litem*, and his power does not extend to the doing of any act that may be to the prejudice of the infants. *Deford vs. The State, &c.*, 30 *Md.*, 199; *Isaacs vs. Boyd*, 5 *Porter*, 388; *Smith vs. Redus and Wife*, 9 *Ala.*, 99; *Turner vs. Partridge*, 3 *Pa.*, (*Penrose & Watts,*) 172; *Allen vs. Roundtree*, 1 *Spear*, (*So. Car.*) 80; 1 *Am. Lead. Cases*, (*5th ed.*) 326; *Sinclair vs. Sinclair*, 13 *M. & W.*, 640; *Reeves Dom. Rel.*, 265; *McPherson on Infants*, 41 *Law Lib.*, 352; *Genet vs. Tallmadge*, 1 *Johns. Ch. Rep.*, 2; *Dagley vs. Tolferry*, 1 *Peere Wms.*, 285.

4th. A release by a party who sues merely as trustee, is not good against the real party in interest. *Rawstorne vs. Gandell*, 15 *M. & W.*, 306.

If the next friend could not receive the money, his attorney could not. The infant could not have received the money; the attorney takes the place of his client, and can do no more than he could. Although the proposition is generally true that, as between *competent* parties, the acts of the attorney of record bind those who have employed him, and whatever is done by the attorney in the progress of the cause is considered as done by the authority of the client, yet this rule, even between parties competent, has exceptions. A compromise of the debt sued on, made by the attorney, does not bind the client. So a receipt in full by an attorney does not bar the principal, if a less sum than is due has been paid to the attorney for the principal. *Gist vs. McGuire*, 4 *H. & J.*, 9; *Curran vs. Kaufman*, pp. 7 and 8 of *Opinion of Court*; *Thornburg vs. Macauley*, 2 *Md. Chan. Dec.*, 425.

5th. The defendant could easily have prevented all injury to the equitable plaintiff, by declining to pay the judgment to any but a legally appointed guardian, or he might have paid

the money into Court, taking the receipt of the clerk, who is a bonded officer; and as between two innocent parties, he must bear the loss who could have prevented it. 5 *Robinson's Practice*, 891, *note*.

Both in the case in 3 *Penrose & Watts*, and in the case in this Court of *Curran vs. Kaufman*, the Court disregard any considerations growing out of the hardship of the rule of law, in making an innocent debtor pay the debt twice.

*John H. B. Latrobe*, for the Railroad Company.

In opposition to the motion to strike out the entry of satisfaction, the following authorities were cited as regards the authority of an attorney: *Henck vs. Todhunter*, 7 *H. & J.*, 275; *Farmers' Bank of Md. vs. Mackall*, 3 *Gill*, 458; *Jones & Waterbury vs. Horsey*, 4 *Md.*, 306; *Peacock vs. Pembroke*, 8 *Md.*, 351; *Farmers' Bank of Md. vs. Sprigg*, 11 *Md.*, 397; *Ward vs. Hollins*, 14 *Md.*, 165; *Thornburg vs. McCauley*, 2 *Md. Ch. Dec.*, 427; *Kent vs. Ricards*, 3 *Md. Ch. Dec.*, 395; *Pub. Gen. Laws, Art.* 18, *sec.* 14; *Pub. Gen. Laws, Art.* 11, *sec.* 13.

And the following as regards the authority of the *prochien ami*: *Deford vs. The State, &c.*, 30 *Md.*, 199; 3 *Robinson's Practice*, 329, 330.

ALVEY, J., delivered the opinion of the Court.

The motion in this case, to strike out the entry of satisfaction, authorized to be made by the attorney of record, presents a question of very considerable interest and importance, involving as it does an inquiry into the extent of the power of the attorney, authorizing the entry, as well as the right of the infant plaintiff, on whose behalf the motion is made.

The action was brought for and in the name of the infant, who sued by *prochien ami;* and judgment having been recovered by the plaintiff, and the amount thereof paid by the defendant to the attorney of record, who was regularly employed by the *prochien ami* to conduct the action, the question

is, whether the payment by the defendant to such attorney is a good discharge of the judgment?—it being conceded that the beneficial plaintiff had, at the time, no regularly constituted guardian to receive and receipt for the money so recovered.

The relation of a *prochein ami* to the action, and his powers and duties, are simple and well defined. He is no party to the suit, in the technical sense of the term, although he is responsible for costs. He is considered as an officer of the Court, specially appointed by it to look after the interest of the infant in whose behalf he acts. *Sinclair vs. Sinclair*, 13 *M. & W.*, 640; *Deford vs. State, use of Keyser*, 30 *Md.*, 179. One of the duties required of him is that of employing an attorney to conduct the suit, as he is not supposed to be a person learned in the law, and his intervention is by no means designed to dispense with the services of an attorney to carry on the proceedings, and to try the cause, if necessary. *Collins vs. Brook*, 4 *H. & N.*, 270. He is not only authorised to employ an attorney, and carry on the suit to judgment, but, in the absence of a regularly constituted guardian for the infant, he may receive the money recovered of the defendant, give a sufficient acquittance therefor, and enter satisfaction on the roll. *White vs. Hall, Moor*, 852; *Morgan vs. Thorne*, 7 *M. & W.*, 400; *Collins vs. Brook*, 4 *H. & N.*, 270; *Same case*, 5 *H. & N.*, 700, *in Exch. Chamber.*

In the case of *Morgan vs. Thorne*, 7 *M. & W.*, 400, the wife of a minor having committed adultery whilst her husband was abroad in the East Indies, the father of the husband procured himself to be appointed *prochein ami*, and commenced an action for crim. con. in his son's name, without his knowledge or authority, and recovered a verdict; and on motion by the defendant to set aside the proceedings, on the ground that there was no authority from the son to bring the action, it was held that no authority from the son was necessary to enable the father to sue as *prochein ami*, and that, as nothing appeared to the contrary, it was to be assumed that

the latter had been properly appointed such *prochein ami*, and that the son was bound by the proceedings in the action. And in answer to the objection taken by the defendant, that if he paid the damages assessed by the jury, he might, on the plaintiff's coming of age, be compelled to pay them over again, on the ground that the discharge of the *prochein ami* would be by a person who had no authority to give it, PARK, B., said: "It appeared perfectly clear that every *prochein ami* is to be considered as an officer of the Court, specially appointed by them to look after the interest of the infant, on whom the judgment in the action is consequently binding, and who cannot be allowed, on attaining his age, to commence fresh proceedings founded on the same cause of action; so that the defendant, in this and all similar cases, *is perfectly safe in paying the damages recovered.*" And in that opinion the rest of the Court concurred.

Now, seeing that the *prochein ami* is thus authorized to receive and receipt for the money recovered, why is not the attorney retained by him equally authorized to receive and receipt for the money? as both are alike officers of the Court, both act for and in behalf of the infant, and both bear merely representative relations to the cause. The attorney is retained, not for the *prochein ami*, but for the infant, to whom he is liable for all neglects and malfeasance in the course of the employment. This latter proposition would seem to be clearly settled by undoubted authority.

In the case of *Collins vs. Brook*, 4 *H. & N.*, 270, an infant had, in a former action, sued by *prochein ami* and recovered judgment for damages and costs, which had been paid over to the attorney appointed by the *prochein ami* to conduct the suit, and it was held that the infant was entitled to maintain an action against the attorney to recover the amount so received by him, as money had and received to the infant's use. The right to recover as against the attorney was resisted on the ground that, as between himself and the infant, there was no privity of contract, and that his liability was to the *pro-*

40                    v. 36

*chein ami* and not to the infant; that he, the attorney, had received the money as the agent and servant, not of the infant plaintiff, but of the *prochein ami,* and that it was to the latter alone that he was accountable, as a sub-agent is accountable to the superior agent who has employed him, and not generally to the principal. But this defence of the attorney was utterly repudiated by the Court. BRAMWELL, B., in delivering the opinion of the Court, said: "This was an action by an infant against an attornry to recover damages which had been awarded to him in an action. It was objected that the action ought to have been brought against the defendant by the father, who was the *prochein ami* in that suit. The action for money had and received must arise out of *a rightful receipt for the use of another,* or out of some wrongful act. Here the defendant did nothing wrong. The father, who was competent to do so, empowered the defendant to receive the money. The question whether the action lies is not one of fact, but one of law, viz., what would be implied? It was said that the implication is that the defendant received the money to the use of the father. Reasons of equal cogency were urged on the other side. It was asked what was to become of the money if the *prochein ami* became insolvent or died. The fact is, that the money is the infant's. It seems to be the more reasonable view that the attorney received the money for the infant. That does not prevent a payment to the *prochein ami* from being a good payment. But it is the money of the infant. Therefore we think that the verdict was right, and the rule must be discharged."

The case seems to have been without any direct precedent, and being one of considerable interest, an appeal was taken from the judgment of the Court of Exchequer to the Exchequer Chamber, (5 *H. & N.* 700,) where a most elaborate discussion was had, and all the reasons that could be made to bear upon the question, were brought to. the view of the Court; but the decision appealed from was affirmed, and for very much the same reasons as those assigned by the Court

of Exchequer. The Judges on appeal assigned their reasons *seriatim;* and from which, in view of the importance of the question, now for the first time presented to this Court, it may not be out of place to extract a few passages.

WILLIAMS, J., in delivering his opinion, said: "It has been suggested that it is difficult to say that the *prochein ami* is not the party who ought to receive this money—that he may have incurred some expenses, and ought to have a resort to this fund to reimburse himself; but the answer is, that before he undertakes such an office a *prochein ami* must take care to guard himself in some other manner against those liabilities. Any risk or liability which he may incur is a matter incident to his office, not to be remedied by preventing the infant, who has a legal right to the money, from bringing his action to recover it."

CROMPTON, J., in the course of his opinion, is very distinct in defining the rights of the infant plaintiff, and the relation to him of both *prochein ami* and attorney in the action. He said: "It seems to me that the action is the action of the infant, that the attorney is the attorney of the infant, and the money now sought to be recovered is the money of the infant, which the defendant received for him. The *prochein ami* is appointed in order that the infant may have some one to appoint an attorney to prosecute the suit for him; and the attorney, when appointed, is the attorney in the suit." Again he says: "As soon as the *prochein ami* has appointed the attorney, the infant has the right to look to the attorney for the proper conduct of the cause; it would be monstrous to say that the *prochein ami* should be responsible for the conduct of an attorney who has been duly and properly appointed. Where an agent is appointed who must appoint a sub-agent, the act of the sub-agent is not necessarily the act of the agent." And so Mr. Justice BLACKBURN, said: "I perfectly agree with my brother CROMPTON, that the reasonable rule is, that the *prochein ami* being appointed as an officer of the Court, is not liable for anything but his own

neglect. It would be very hard that he should be responsible for the attorney whom he was obliged to retain, and I think he is not, but only for the appointment of a proper person as attorney. Then, I do not think it follows, that because the *prochein ami* is liable to the attorney for his costs, he should alone be competent to sue the attorney for the proceeds of judgment and execution recovered by the attorney in the suit."

It is to be observed that, in this case of *Collins vs. Brook*, neither in the argument of counsel nor in the opinions of the Judges, is there the slightest intimation that the payment by the defendant in the original suit to the attorney was not a good and sufficient discharge of the judgment. On the contrary, it is assumed throughout that such payment was perfectly good and rightful. Indeed, the action against the attorney was founded and proceeded upon the theory that the money had been rightfully received by him, to the use of the infant, whom he represented as the attorney in the cause. The receipt in that case had been signed as the receipt in the present; the party receiving the money signing himself "plaintiff's attorney." It was fully conceded that the *prochein ami* could receive the money and give a good acquittance therefor, and it was equally conceded that the payment to the attorney was good, but it was contended that he received the money to the use of the *prochein ami* to whom he was accountable, and not the infant plaintiff in the action. But this defence was fully refuted by the Court, as we have seen, and the action maintained for money rightfully received by the attorney to the use of the infant plaintiff.

The attorney receiving the money in this case, being the regular attorney of record, duly appointed by the *prochein ami* to act for the infant, it follows, upon the authorities referred to, that he was clothed with the ordinary powers pertaining to an attorney of record, and that his act, in receiving the money recovered of the defendant, and directing satisfaction of the judgment to be entered, is binding upon the infant plaintiff.

Baltimore and Ohio R. R. Co. *vs*. Fitzpatrick.

It must not be supposed, however, from what has been said, that the power of the *prochein ami*, or of the attorney employed by him, to receive and receipt for money recovered by an infant, can be exercised regardless of the right and power of a regularly constituted guardian, having charge of the infant's estate. On the contrary, such right in the *prochein ami*, or the attorney, is subordinate to that of the guardian, and where such guardian exists, no person other than the guardian himself, or some person deriving authority from him, can legally receive and receipt for money due the ward. The money that may be received, either by the *prochein ami*, or the attorney appointed to prosecute the action, where there is no guardian of the infant's estate in existence, will be, of course, held by them for the infant, to be regularly accounted for; but whether the Court will, in any case, allow these officers to use its process to coerce payment into their hands, must depend upon the circumstances as they may be made to appear. The interest and protection of the infant being the reason for the appointment of both *prochein ami* and attorney, the same reason should control the Court in its exercise of authority over these officers.

It was supposed by the counsel for the defendant, that full authority was found for the order of the attorney directing the judgment to be entered satisfied, in the 14th section of the 18th Article of the Code. But it is manifest that that section of the Code was not designed to conclude, or in any manner to affect the question of the attorney's authority. It was intended simply to direct and empower the clerk, upon the proper order of the plaintiff or his attorney, to enter judgments and decrees satisfied, without an order of Court. In this case, the order to enter the judgment satisfied having been given by competent authority, the entry is effectual, and the motion to strike it out must, therefore, be overruled.

*Motion overruled.*

(Decided 21st November, 1872.)