## Stroyd v. Traction Company.

*Infant—Attorney employed by prochein ami—Authority to satisfy judgment.*

An attorney employed by the prochein ami of an infant, where there is no guardian, is clothed with authority to receive and receipt for money due upon a judgment entered upon a verdict in suit for damages suffered by an infant; and the payment by the defendant to the attorney of record is binding upon the infant.

Argued May 8, 1900. Appeal, No. 218, April T., 1900, by plaintiff, in suit of Arthur Stroyd against the Pittsburg Traction Company, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1889, No. 58, discharging rule to show cause why satisfaction on the record should not be stricken off and judgment entered for the petitioner on the verdict. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Rule on defendant to show cause why receipt and satisfaction on the record should not be stricken off and judgment entered for petitioner on the verdict. Before COLLIER, J.

It appears from the record that Arthur Stroyd when about twelve years old was run over by a car of the defendant company and thereby lost both feet. No application was ever made for the appointment of a guardian for him.

His father employed an attorney and entered suit as his next friend June 12, 1889.

A verdict was rendered for the plaintiff for $250, January 7, 1890, and immediately thereafter the attorney employed by appellant's father receipted on the record for the amount of the verdict without waiting to enter judgment upon the verdict. At the same time the father recovered $250 on a suit in his own name for loss of services of this boy, which was receipted at the same time.

He arrived at full age March 27, 1898. In his petition he averred that he never had a guardian and never received the money receipted for by the attorneys employed by his father.

A rule was granted on defendant to show cause why the receipt and satisfaction on the record should not be stricken off and judgment entered for the. petitioner on the verdict. This rule was served and the defendant appeared by counsel, but did not file an answer, and argued the case.

The court after argument discharged the rule to show cause why the receipt and satisfaction on the record should not be stricken off and judgment entered for the petitioner on the verdict. Petitioner appealed.

*Errors assigned* were (1) in discharging rule. (2) In refusing to enter judgment on the verdict in favor of petitioner.

*Marcus C. Acheson,* for appellant.—We contend that the place to have stopped in this case was when a verdict was rendered. The next friend can only act for the advantage of the infant. The defendant should have refused payment until the orphans' court appointed a guardian who had tendered a bond satisfactory to the court, or taken the advice of the court trying the case and obtained its approval of the payment. It is unreasonable to assert that while an infant cannot employ counsel, cannot give a valid receipt or power of attorney, cannot do any act himself prejudicial to his estate, a next friend can employ an attorney for him, recover on a suit, receipt by his attorney for the amount recovered, satisfy the record and appropriate the proceeds.

The courts of this state never yet have gone so far.

The syllabus in O'Donnell v. Broad, 149 Pa. 24, states that "a suit by an infant by her father, as next friend, cannot be settled by the father without the sanction of the court."

If the defendant had asked the sanction of the court below this mispayment would have been avoided.

As between the defendant and the appellant the act of the defendant caused the loss, and he who neglected a proper precaution and caused the loss must bear it under the maxim in regard to which of the two innocent persons most suffer.

There is no such hardship in this case as when an infant ap-

proaching full age conveys real estate and repudiates the contract, and yet the courts will set aside the deed in such case unless the infant, on arriving at full age, ratifies it either expressly or by long-continued acquiescence : Dolph v. Hand, 156 Pa. 91.

*Wm. D. Evans,* with him *Geo. C. Wilson,* for appellee.—The question as presented by the record and admitted facts is, whether a next friend can maintain an action for an infant, who has no regularly constituted guardian, employ an attorney, recover a verdict, and through the attorney receipt upon the record for the amount recovered.

The solution of this question, it is submitted, will be found, not so much in ascertaining what are the rights and disabilities of an infant, as in determining the relation, powers and duties of both the next friend and attorney to the infant in such an action, as well as their relation to each other.

He is not only authorized to employ an attorney and carry on the suit to judgment, but in the absence of a regularly constituted guardian for the infant, he may receive the money recovered of the defendant, give sufficient acquittance therefor, and enter satisfaction on the record : White v. Hall, 1 R. & M. 332; Morgan v. Thorne, 7 M. & W. 400; Collins v. Brook, 5 H. & N. 700.

The only case we have been able to discover, after a careful examination of all the authorities, which directly rules our own case, is Baltimore & Ohio Railroad Company v. Fitzpatrick, 36 Maryland, 619. That case was identical in its facts with the present case, and the opinion filed contains a most learned and careful collection of the authorities bearing upon the subject, and no better argument can be made in the present case than the opinion filed in that case.

OPINION BY W. D. PORTER, J., October 22, 1900 :

This action was brought by Robert Stroyd as the father and next friend of his minor son, the appellant, to recover damages for injuries alleged to have been suffered by the infant through the negligence of the defendant company. The action was prosecuted in regular order and a verdict in favor of the plaintiff duly obtained. The attorney of record who had been duly

appointed by the prochein ami received from the defendant company the amount of the verdict, gave an acquittance therefor and entered satisfaction of the verdict upon the record. The only question for determination is the authority of the attorney to receive the amount of the verdict and give a sufficient acquittance therefor. The infant, the appellant, having become of age, presented to the court below a petition praying that the satisfaction of the verdict be stricken off and that judgment be entered upon the verdict as rendered. While it would undoubtedly be safer for a defendant in such a case to wait until a judgment had been regularly entered before paying the claim, there was in the petition no suggestion that the verdict had been entered by collusion; the appellant is satisfied with the amount of his damages as ascertained by the verdict, but he demands judgment upon that verdict. We may, therefore, dispose of the case as if a judgment had been regularly entered and subsequently satisfied by the attorney of record.

A prochein ami is one appointed by the court, or admitted without formal appointment, to prosecute for an infant, to the end that the rights of the infant may not be prejudiced for the want of an action, and that there may be a nominal plaintiff who is legally responsible for the costs. He may make the arrangements necessary to facilitate the determination of the case in which the rights of the infant are involved, but he is subject to the control of the court, by which he may be removed and a new representative of the minor appointed in his stead. The nature of the duties which a prochein ami is called upon to discharge does not require that he should be vested with a discretion to compromise or bargain away the rights of the minor, and he is without power to bind the infant by a contract of that nature: O'Donnell v. Broad, 6 Kulp, 435; 149 Pa. 24; Kingsbury v. Buckner, 134 U. S. 650, 680; Edsall v. Vandemark, 39 Barb. 589; Isaacs v. Boyd, 5 Porter (Ala.), 388.

It has been held in some courts that the authority of the prochein ami ends when the suit is prosecuted to judgment, and, therefore, that he has no authority to receive the money. We have been able to find but one reported case in which the question has been raised in this State, viz: O'Donnell v. Broad, 6 Kulp, 460, in which it was held that while the prochein ami did not have authority to compromise the claim by accepting

less than the amount of the judgment in full discharge thereof, yet the amount so paid was to be taken as a payment on account, and was accordingly credited upon the judgment. The conclusion reached in that case by Judge RICE, who then sat in the common pleas, is undoubtedly sustained by the doctrine of the English cases. It was held in Morgan v. Thorne, 7 M. & W. 400, that the prochein ami was to be considered as an officer of the court, specially appointed to look after the interests of the infant, on whom the judgment in the action is consequently binding, and he cannot be allowed, on attaining full age, to commence fresh proceedings founded on the same cause of action. And it was in that case distinctly asserted "that the defendant, in this and all similar cases, is perfectly safe in paying the damages recovered." The soundness of this determination was recognized without question in Collins v. Brook, 4 H. & N. 270, in which case it was distinctly ruled that the attorney appointed by the prochein ami might rightfully receive, for the use of the infant, in the absence of a regularly appointed guardian, the amount of the judgment recovered. When the prochein ami has duly appointed an attorney to prosecute the proceedings the latter becomes the attorney in the case, he is the attorney for the infant, to whom he must answer. The judgment in this case was affirmed, on appeal, by the Exchequer Chamber: Collins v. Brook, 5 H. & N. 700. In the case of the Baltimore & Ohio Railroad Company v. Fitzpatrick, 36 Maryland, 619, the opinion of the court reviews and follows the English decisions, and upon a state of facts almost identical with those here presented it was held that the attorney was clothed with authority to receive the money recovered of the defendant, give a sufficient acquittance therefor, and direct satisfaction of record.

The authority of the prochein ami, and of the attorney appointed by him, to collect from the defendant and satisfy the judgment, cannot be exercised regardless of the right and power of a regularly constituted guardian having charge of the infant's estate. Such right of the prochein ami or his attorney is subordinate to that of the lawfully constituted guardian, and where such guardian exists no person other than the guardian himself, or some person deriving authority from him, can legally receive and receipt for money due the ward. In the pres-

ent case there was no guardian, and payment by the defendant to the attorney of record was binding upon the infant.

The order of the court below was free from error and the judgment is affirmed.