[No. 5888. Decided December 18, 1905.]

THE STATE OF WASHINGTON, *on the Relation of J. F. Lane, as Guardian of the Estate of Edwin Eskildsen, a Minor, Appellant,* v. R. A. BALLINGER, *as Mayor of Seattle, et al., Respondents.*[1]

INFANTS — GUARDIAN AD LITEM — AUTHORITY — SATISFACTION OF JUDGMENT. A guardian *ad litem* appointed to prosecute an action for a minor has power to satisfy the judgment obtained.

ATTORNEY AND CLIENT—AUTHORITY TO SATISFY JUDGMENT OF INFANT. An attorney employed by a guardian *ad litem* to prosecute an action for a minor has authority to receive payment of the judgment and enter satisfaction thereof, where there is no general guardian, especially in view of Bal. Code, § 4766, providing that attorneys may receive payment, and acknowledge satisfaction, of judgments.

1Reported in 82 Pac. 1018.

Judgments—Against Municipality—Satisfaction—Statutes—
Construction. Bal. Code, § 5676, prescribing the method of satis-
fying judgments against a municipality, and providing for the is-
suance of an order for the amount of the judgment "in favor of the
party for whom the same was given" does not require that the order
be made to the judgment creditor; but, construed in connection with
Bal. Code, § 5676, providing that the attorney may receive payment
and satisfy the judgment, authorizes the issuance of an order to the
attorney of the party, and the same operates to discharge the judg-
ment.

Appeal from a judgment of the superior court for King
county, Frater, J., entered August 3, 1905, in favor of the
defendants, dismissing the action, upon sustaining a demurrer
to an application of a guardian for a writ of mandamus to
compel the issuance of a warrant for a portion of a judg-
ment in favor of a minor, paid to and satisfied by the minor's
attorneys. Affirmed.

*F. E. Brightman, John Larrabee,* and *A. J. Tennant,* for
appellant, contended, *inter alia,* that a guardian *ad litem* has
no power to receive payment of or satisfy a judgment. *Miles
v. Kaigler,* 10 Yerg. (Tenn.) 10, 30 Am. Dec. 425; *Carpen-
ter v. Schermerhorn,* 2 Barb. Ch. 314; *Bernard v. Merrill,*
91 Me. 358, 40 Atl. 136; *Gulf etc. R. Co. v. Younger,* 19
Tex. Civ. App. 242, 45 S. W. 1030; *Gulf etc. R. Co. v.
Styron,* 66 Tex. 421, 1. S. W. 161; *Galveston etc. R. Co.
v. Hewitt,* 67 Tex. 473, 3 S. W. 705, 60 Am. Rep. 32;
*Galveston Oil Co. v. Thompson,* 76 Tex. 235, 13 S. W. 60;
*Austin v. Colgate* (Tex. Civ. App.), 27 S. W. 896; *Cody
v. Roane Iron Co.,* 105 Tenn. 515, 58 S. W. 850; *American
Lead Pencil Co. v. Davis* (Tenn.), 67 S. W. 864; *Fletcher
v. Parker,* 53 W. Va. 422, 44 S. E. 422, 97 Am. St. 991;
17 Am. & Eng. Ency. Law (2d ed.), 859; 14 Ency. Plead. &
Prac., 1037.

*Scott Calhoun* and *O. B. Thorgrimson,* for respondents.

Dunbar, J.—On September 28, 1901, Edwin Eskildsen,
a minor, suing by his guardain *ad litem* George A. Eskildsen,

recovered a judgment against the city of Seattle in the superior court of King county, in the sum of $11,000 together with costs taxed at the sum of $25.55. On appeal to this court said judgment was affirmed, and a remittitur was duly filed with the clerk of said superior court. Satisfaction of said judgment against the city was acknowledged by John E. Humphries and E. P. Edsen, the attorneys for plaintiff in the prosecution of the action against the city, on the 17th day of October, 1902, and said acknowledgement of satisfaction was entered upon the execution docket in the office of the clerk of the superior court of King county. The clerk of said court, on the same day, issued a duly certified transcript of the docket of said judgment, in which transcript was included a memorandum of satisfaction by said attorneys and the entry thereof.

Thereafter, on the same day, said attorneys presented this transcript to the mayor of the city and the comptroller thereof, they being the officers authorized to draw orders or warrants on the treasurer thereof. The said mayor and comptroller thereupon issued a warrant on the treasurer of said city, in favor of John E. Humphries and E. P. Edsen, attorneys, for the full amount of said judgment. Thereafter, letters of guardianship were duly and regularly issued to one James D. Hoge, Jr., on the estate of said Edwin Eskildsen, and on the 25th of February, 1903, said Hoge, as such guardian, received out of the moneys obtained upon the warrant drawn as aforesaid the sum of $4,000. He received no other or greater amount of moneys derived from said warrant, and no other or greater sum for or on account of the amount of said judgment.

Upon the resignation of said Hoge as guardian, letters of guardianship were duly issued to J. F. Lane, relator herein. No other or greater sum than the $4,000 aforesaid ever having been paid to any duly appointed, qualified, and acting guardian of said minor, or to any person authorized or empowered to receive the same for him, the relator, on the 22d

day of November, 1904, caused to be served upon the re-
spondents herein a notice in writing, requesting and demand-
ing that said respondents issue to relator, as such guardian,
a warrant drawn upon the treasurer of said city of Seattle,
directing the said treasurer, out of any sums applicable to
and available for said purposes, to pay the relator the amount
of such judgment, with interest thereon, less the sum of
$4,000 previously received. Respondents refused to comply
with said demand; and relator, claiming that he had no plain,
speedy, and adequate remedy in the ordinary course of law,
thereafter, on the 30th day of November, 1904, filed in the
superior court for King county his affidavit and application
for an alternative writ of mandamus, which affidavit and
application set forth in detail the facts above stated. An
alternative writ was issued on this application, commanding
the respondents to issue a warrant in favor of appellant,
directing the city·treasurer to pay into court for said minor
the unpaid portion of the judgment aforesaid or show cause
why he had not done so. Respondents filed a general de-
murrer to this application, which the court sustained, and
relator electing to stand on his application, judgment was
entered dismissing the case. From this judgment of dis-
missal, the appellant prosecutes this appeal.

The relator contends that he is entitled to the relief asked
for in his writ of mandamus, on two grounds: (1) That the
payment of·a judgment or decree to a guardian *ad litem,* or
to the attorneys employed by him, is a nullity and does not
discharge the judgment or decree; (2) that the payment of
the amount of this judgment to the attorneys employed by
the guardian *ad litem* in the suit brought by the minor against
the city is not such payment as is authorized and provided
for by Bal. Code, § 5676, providing the manner of the pay-
ment of judgments by municipal corporations, and therefore
does not discharge the judgment.

Disregarding the extraneous matter suggested in respond-
ents' brief, and investigating the case with reference simply

to the allegations of the complaint, we have concluded that no error was committed by the court in sustaining the demurrer thereto. For reasons that are manifestly commendable, courts have always jealously guarded the rights of infants. At the same time, it frequently becomes necessary for infants to prosecute lawsuits for the protection of their rights in courts of justice, as it was in this case; and as a rule the same procedure that is applicable to the trial of lawsuits in other cases must of necessity be applied to the trial of lawsuits where minors are parties, either plaintiff or defendant.

Upon the question involved in appellant's first proposition, there is some conflict of authority, although the conflict upon an examination of the cases is more with relation to the power of a guardian *ad litem* or *prochein ami* than to the power of an attorney, some courts holding that the guardian *ad litem* has no power to satisfy the judgment or decree in favor of the infant, while others hold exactly the reverse.

The first case cited by appellant, that of *Miles v. Kaigler*, 18 Tenn. 10, is scarcely in point in what was really decided, because that case involved the compounding of a judgment with the debtor, instead of the satisfaction of the judgment, and the action of an attorney in fact instead of an attorney at law; and an examination of the case shows that the court was largely influenced in its determination by the fact that fraudulent circumstances were alleged and, in the mind of the court, sustained. The case which the appellant specially recommends to the attention of the court, viz., *Cody v. Roane Iron Co.*, 105 Tenn. 515, 58 S. W. 850, decides this proposition squarely in appellant's favor. There it is held that, where a minor recovers a judgment in an action brought by his next friend, a payment thereof to the latter will not operate as a satisfaction, since a next friend has no right to receive money in satisfaction of such judgment, the minor's guardian being alone entitled thereto, the court saying:

"That right belongs alone to the regular guardian during the continuance of minority, or to the beneficiary himself

after attaining his majority, and a payment made to the next friend will not operate as a satisfaction."

Several other cases are cited by appellant which seem to sustain its contention. It will be noticed, however, that none of the cases cited, and none that we have been able to find, has decided that the attorney of the minor has not the right to satisfy the judgment.

The relator insists that, inasmuch as under the authorities which he has cited the guardian *ad litem* had no right to satisfy the judgment, an attorney appointed by said guardian *ad litem* could not have any greater authority than the appointing power. Conceding that the authorities on the main proposition sustain relator's contention, it does not necessarily follow that the attorney would not have such power; for the attorney is an officer of the court, and his appointment is not made as an attorney for the guardian *ad litem* but as an attorney for the minor, and there is reason in the thought that the same powers which he would obtain by reason of his employment as an attorney in other cases would attach to his employment as an attorney for a minor. But we think, from an investigation of all the authorities, that the great weight of authority is to the effect that the guardian *ad litem,* while not clothed with the power to compound or settle the judgment in favor of the minor, has a right to satisfy the same; and there seems to be no authority holding that the attorney for the minor has no such right. On the contrary, the general rule in this country seems to be that he has. On this proposition Mr. Freeman, in his work on Judgments (4th ed.), § 462, after laying down the general doctrine that an attorney at law retained to prosecute a demand has, by virtue of that retainer, authority to receive payment of the judgment when recovered, proceeds:

"The relation of a *prochein ami* to the action is that of an officer of the court specially appointed to enforce and preserve the rights of the infant in whose behalf he acts. He may employ an attorney, carry the suit on to judgment, and

may, if there is no regularly constituted guardian of the infant, receive the money recovered of the defendant, and thereupon may enter a valid satisfaction of the judgment;"

citing several cases to sustain the text; and proceeding:

"The attorney who is employed by the *prochein ami* to prosecute the suit is thereby authorized to receive payment of the judgment, and to enter satisfaction thereof when such payment is made."

In Black on Judgments (2d ed.), § 986, it is said:

"Payment may also, as a matter of course, be made to an agent of the plaintiff duly authorized to collect the judgment, or to the *prochein ami* of an infant plaintiff who has no regular guardian."

It will be noticed in this case that, at the time of the satisfaction and payment of this judgment, the minor had no regular guardian. In *Baltimore etc. R. Co. v. Fitzpatrick,* 36 Md. 619, where an action was brought for, and in the name of, an infant who sued by a *prochein ami,* and judgment having been recovered by the plaintiff, the amount thereof was paid by the defendant to the attorney of record, who was regularly employed by the *prochein ami* to conduct the action, and by order of the attorney the judgment was entered satisfied, and at the time of the payment to the attorney, there was no regularly constituted guardian of the beneficiary plaintiff to receive and receipt for the money recovered; it was held that the payment by the defendant to the attorney of record was a good discharge of the judgment, and his act in receiving the money and directing satisfaction of the judgment to be entered was binding upon the infant plaintiff. In *Stroyd v. Traction Co.,* 15 Pa. Sup. Ct. 245, it was held that an attorney employed by the *prochein ami* of an infant, where there is no guardian, is clothed with authority to receive and receipt for money due upon a judgment entered upon a verdict in suit for damages suffered by an infant, and the payment by the defendant to the attorney of record was

binding upon the infant. In the course of the opinion it is said:

"When the *prochein ami* has duly appointed an attorney to prosecute the proceedings the latter becomes the attorney in the case, he is the attorney for the infant, to whom he must answer."

Upon the whole investigation, we are satisfied that the attorney of the minor had a right to satisfy the judgment in this case.

However, in addition to the general authority, it seems to us that this question is settled by our own statute. Bal. Code. § 4766, in setting forth the powers and authority of attorneys and counselors, in subd. 2, provides, among other powers:

"To receive money claimed by his client in an action or special proceeding during the pendency thereof or after judgment upon the payment thereof, and not otherwise, to discharge the same or acknowledge satisfaction of the judgment."

It will thus be seen that the letter of the law most assuredly sustains the respondents' contention, for the statute especially clothes the attorney with authority, not only to satisfy the judgment, but to receive the money, and there is no limitation as to the character of the employment or the kind of clients. To insure the orderly transaction of lawsuits for the benefit of minors, as in other cases, attorneys must be clothed with some discretion and power, and so far as the equities are concerned, which are sought to be invoked by the relator, there do not seem to be any in favor of the relator as against the city. The city has paid its obligations in full, in the ordinary and orderly course, to the relator's regularly constituted agents or attorneys, the same attorneys through whose services and endeavors the judgment in favor of the minor was obtained. If relator's attorneys have in any way violated their duty, he must look to them for redress, for the attorney is employed, not for the benefit of the guardian *ad litem,* but for the benefit of the minor, to whom he is

liable for negligence and malfeasance in the course of the employment.

It is insisted by the relator that, under the provisions of Bal. Code, § 5676, the law was not complied with. The statute is as follows:

"If judgment be given for the recovery of money or damages against such county or other public corporation, no execution shall issue thereon for the collection of such money or damages, but such judgment in such respect shall be satisfied as follows: (1) The party in whose favor such judgment is given may, at any time thereafter, when execution might issue on a like judgment against a private person, present a certified transcript of the docket thereof to the officer of such county or other public corporation who is authorized to draw orders on the treasury thereof; (2) on the presentation of such transcript, such officer shall draw an order on such treasurer for the amount of the judgment, in favor of the party for whom the same was given. Thereafter such order shall be presented for payment and paid with like effect and in like manner as other orders upon the treasurer of such county or other public corporation; (3) the certified transcript herein provided for shall not be furnished by the clerk, unless at the time an execution might issue on such judgment if the same were against a private person, nor until satisfaction of the same judgment in respect to such money or damages be acknowledged as in ordinary cases. The clerk shall include in the transcript the memorandum of such acknowledgment of satisfaction and the entry thereof. Unless the transcript contain such memorandum, no order upon the treasurer shall issue thereon."

The application alleged the compliance with this statute, except that the warrant drawn by the mayor and comptroller of the city of Seattle was drawn in favor of John E. Humphries and E. P. Edsen, attorneys, instead of being drawn in favor of the minor person in whose favor the judgment was rendered; and it is contended that, under the provisions of the statute, the warrant, in order to render the city not liable, should have been drawn in favor of the minor, he being the party in whose favor the judgment was given; that, it not

having been drawn in favor of the party, the law has not been complied with, and that the judgment has never been satisfied within the contemplation of the law.

We think, however, that this statute must be construed in connection with the statute we have cited above, which confers upon the attorney the power to satisfy the judgment. That power was given without limitation as to the character of cases, and there is nothing in the statute to indicate that any distinction was sought between cases where minors had obtained judgment and where judgments had been obtained by adults, the object of the statute simply being to distinguish for obvious reasons the different procedures in collecting judgments against individuals and judgments against municipal corporations. If a rigid construction is to be given to the word "party," then we think there is force in relator's contention that the word "party" in subd. 1 of § 5676, would have to be construed to be in this case the minor instead of his attorneys, who would have to present a certified transcript. If so, no proper transcript has ever been presented, and, until this is done, the city officials, under this construction of the statute, would have no power to issue the warrant prayed for. But this suggestion is only made to show that the construction contended for by relator is not a practical one; that the proper construction is that the word "party" has reference to the party to the action or to his attorneys.

The judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, RUDKIN, CROW, and ROOT, JJ., concur.