## Frank Paskewie, by H. C. Gerke, Guardian, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

1. JUDGMENT, § 654*—*what plea in action on at common law is insufficient.* In action on a judgment, a plea merely of payment without including also satisfaction of the judgment was insufficient at common law.

2. JUDGMENT, § 654*—*when plea is insufficient in action on.* In action on a judgment for a certain sum, a plea that defendant had paid plaintiff such amount of damages recovered by plaintiff, without averring that the amount was received by the plaintiff in satisfaction and discharge of the judgment or was so applied, *held* insufficient.

3. JUDGMENT, § 636*—*when plea of satisfaction is insufficient.* In action on a judgment recovered by a minor suing by next friend, a plea of payment to the attorney of record for the next friend and satisfaction and discharge of the judgment by such attorney, *held* insufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

132    APPELLATE COURTS OF ILLINOIS.

Paskewie v. East St. Louis & Suburban Ry. Co., 206 Ill. App. 131.

4. GUARDIAN AND WARD, § 52*—*who may satisfy judgment recovered by minor suing by next friend.* Satisfaction and discharge of a judgment recovered by a minor suing by next friend can only be made by the regularly appointed guardian of such minor.

5. JUDGMENT, § 636*—*when plea of satisfaction of judgment recovered by minor suing by next friend is insufficient.* In action on a judgment recovered by a minor suing by next friend, a plea of payment to the father of such minor in satisfaction and discharge of the judgment and that the father had applied the money in supplying the minor's necessaries of life, *held* insufficient, as the father was guardian only of the person of the minor and not of the minor's property.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

HILES & SIMPSON, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

The appellant filed four pleas to the declaration in this case. A demurrer was interposed and sustained to each of the pleas and the appellant having elected to stand by his pleas judgment was rendered for the appellee, which judgment it is sought to reverse by this appeal.

It appears from the record in this case that the appellee, Frank Paskewie, a minor, by John Paskewie, recovered a judgment against the appellant on the 10th day of August, 1914, for the amount of $444. It is claimed by the appellee that this judgment has not been paid and this suit was brought to the March term, 1916, of the Circuit Court of Madison county to recover a judgment against appellant based upon the former judgment. To this declaration the appellant filed four pleas. The first one avers that on Au-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

gust 10, 1914, the defendant paid to the plaintiff the said sum of $444. The second plea avers that on August 10, 1914, the defendant paid E. W. Kreitner, the attorney of record, the amount of $444 and costs. The third plea avers that on August 10, 1914, the defendant paid E. W. Kreitner, who was then attorney at law and attorney of record for plaintiff in said former suit, the said amount of $444 and costs, and that said Kreitner satisfied and discharged of record the judgment sued upon in this case. The fourth plea alleges that on August 10, 1914, the defendant paid to Joseph Paskewie, the father of plaintiff, the said sum of $444 and costs as full payment and discharge of the judgment; that the plaintiff was a minor and the father accepted the same and that the plaintiff was living as a member of the family of said father, and that the said sum was expended for physician's bills, care, maintenance, education and other necessaries, for the sole use of the plaintiff, and that at that time the plaintiff had no legally appointed guardian. To each of these pleas a demurrer was interposed and sustained.

It will be observed that the first plea simply alleges payment to the plaintiff of the said sum of $444, damages recovered by the plaintiff. The plea does not aver that it was received by the plaintiff in satisfaction and discharge of the judgment or that it was so applied. We do not understand that a party can relieve himself of an obligation to a minor by paying the same to the minor, if the minor chooses at any time to avoid such payment. If, however, payment had been made to the plaintiff and an entry of satisfaction made by him upon the record, it might be that before an action could be brought to recover upon that record that some proceeding would have to be instituted by the minor to get rid of that satisfaction before bringing an action upon the record. If the payment was made to him even with an agreement that he would en-

ter satisfaction upon the record, and he failed to do so, we know of no authority that could compel him to enter such satisfaction; but this plea does not aver satisfaction and it is not necessary for us to determine what the effect of such entry would have upon the judgment. It appears by many authorities that at common law a mere payment is not a sufficient plea, but it must also include the satisfaction of the judgment. It is said by the Supreme Court in the case of *Harding v. Hawkins,* 141 Ill. 583: "It seems that at common law, prior to the statute of 4th Anne (chapter 16, sec. 12), payment after the day could not be pleaded to an action for money due by deed or other specialty. (2 Saunders, 48a, note h; 2 Black on Judgments, sec. 975.) By the statute referred to, not in force in this State, it is provided, among other things, that if the defendant had paid the judgment he might plead payment in bar of the action upon the judgment. It would seem that we have no equivalent legislation in this State." In the same case the Supreme Court says, however, that it is not intended to be understood as holding that where a judgment has been paid in full that the plea of payment may not be interposed as a bar to an action on such judgment, but declined to decide that question as it did not necessarily arise therein. Independent of this question we are of the opinion that the plea as it stands is insufficient.

The second and third pleas each aver payment to E. W. Kreitner, attorney of record in the former suit, and the third in addition avers that Kreitner satisfied and discharged the said judgment of record. It is disclosed by this record that the plaintiff was a minor and the question presented by these pleas is, "Did the appellant knowing the plaintiff to be a minor have the right to make payment to the attorney in

that suit who was prosecuting and acting for the next friend?" If he had the right to receive the money and discharge the judgment then the pleas would be good, but if he did not have the right and authority to receive the money he would have no right to discharge the judgment. Black on Judgments, sec. 986, says: "Payment of a judgment must be made to the real owner of the judgment or to some one authorized in law or in fact to receive the money for him." This brings us to a discussion of the question as to whether or not the attorney was authorized to receive this money. "According to the weight of authority, a guardian *ad litem* or next friend of an infant in whose favor a judgment has been rendered is not authorized to receive the amount, or receipt for, discharge or enter satisfaction of the judgment, nor can this be done by an attorney employed by the guardian *ad litem.* Where there is no one authorized to receive the amount of a judgment in favor of an infant, it is proper to direct that the money, when collected, shall be paid into court, subject to the order of the legally constituted guardian when such an one shall appear, or to remain in court until the infant arrives at majority." Cyc. vol. 22, p. 704. Where a party has possession of money or property or is indebted to a minor, it is his duty to see that the money should be placed in the hands of the lawfully constituted guardian, or at such a place as the court might direct for such a guardian when appointed. *Perry v. Carmichael,* 95 Ill. 519. In the bringing of a suit by a minor, any one may appear as next friend for such minor and employ the attorney to prosecute the suit. "The attorney does represent the infant, it is true, but he represents him through the mediation of the guardian from whom he directly receives his appointment and derives his authority." *Greenburg v. New York Cent. & H. River R. Co.,* 210 N. Y. 505, 104 N. E. 931. As we

136    APPELLATE COURTS OF ILLINOIS.

Paskewie v. East St. Louis & Suburban Ry. Co., 206 Ill. App. 131.

view it, the exact question presented in this case arose in the *Greenburg* case, above referred to. There the court says: "The question certified for our determination is whether under these circumstances the satisfaction of judgment given by the original attorney for the plaintiff was valid in law as a complete discharge of defendant's liability." And there the court decided that the infants were the wards of the law and that they could not be deprived of their rights by the acts of attorneys who might prove dishonest or careless, or by the act of a next friend whose motive might be to promote his own interests instead of that of the minors. In this case the minor could not have brought the suit in his own name but it must be instituted by a guardian or a next friend. An attorney was employed to bring the suit. The infant had no power to employ or contract with such attorney, and it was necessarily done by the next friend. The attorney, in fact, acted under the control and direction of the next friend and represented the infant's interests through such friend. It is true that this question is one of first impressions in the courts of this State, yet many decisions have been decided by courts of other States holding contrary views, some sustaining the right of an attorney of a court of record to receipt for and satisfy the judgment, and others denying this right and insisting that the guardian alone who has given bond shall receive and receipt for a judgment rendered in favor of the minor. Appellant insists that the case of *State of Washington ex rel. Lane v. Ballinger,* 41 Wash. 23, 3 L. R. A. (N. S.) 72, lays down the better doctrine, in which it holds that an attorney of record has the right to receive the money and discharge the judgment for a minor. We have examined this case with some care, and while it holds that an attorney employed by the next friend may receive the money and discharge the judgment,

but we think the court was influenced in this view to some extent by reason of a statute in force in the State of Washington giving to the attorney of record the power "To receive money claimed by his client in an action or special proceeding during the pendency thereof, or after judgment upon the payment thereof, and not otherwise, to discharge the same or acknowledge satisfaction of the judgment." It seems to us that under the rules governing the courts of law in this State, with reference to the rights of infants, that the courts are disposed to use care for the protection of the interests of said infants, and that it would not be consistent with such uniform doctrine to permit any one whom an indiscreet infant might select as a next friend, or that such friend might employ as an attorney, to secure a judgment and then permit such next friend or attorney, without reference to his responsibility, to collect such judgment, satisfy the same, appropriate the money to his own use, if he chose so to do, when the rights of the infant and of the attorney as well could be made safe by simply appointing a guardian who would be required to give bond and could receive the money and discharge the judgment without hazarding the rights of any one. The author of the L. R. A. series of reports, wherein the *Ballinger* case, *supra,* is reported, in a footnote to that case, says: "The weight of authority in the United States, in the absence of statute, is against the authority of a guardian *ad litem* or next friend of an infant to receive payment of and satisfy a judgment recovered in behalf of the infant. * * * That he cannot receive payment of it, but such payment must be made to the regular guardian or to the court." "In numerous cases it has been held that a next friend has no authority to collect the proceeds of a judgment recovered by him and to enter satisfaction thereof, but that only a regularly qualified guardian of the in-

fant can do so. Where there is no general guardian, the proceeds of the judgment should be paid into court until a guardian is regularly appointed, or until the infant reaches majority." Encyc. Pl. & Pr. vol. 14, p. 1037. We have a statute in this State providing for the appointment of guardians and requiring them to settle all accounts of his ward, and demand and sue for and receive in his own name as guardian all personal property of and judgments due the ward. Section 17, ch. 64, Hurd's Rev. St. (J. & A. ¶ 6014). The attorney could have no greater rights or power than the next friend by whom he was employed, with reference to the proceedings in court.

The fourth plea avers that the money was paid to the father and used by him in supplying the infant with the necessaries of life. While it is true the father had control of the infant, but he had no power or control and management of the infant's estate. We have a statute especially providing that, while he may be the guardian of the person of the child, the guardian provided by the court shall take charge of the property. The using of this money in supplying the child with food and clothing and necessaries of life, as set forth in the plea, would be a use of the child's money to discharge the obligations that by law devolved upon the parent. We cannot see that such averments add to the validity of his plea.

After a careful consideration of this case, we are of the opinion that the debt adjudged to be due the appellee from appellant could not be discharged by paying the same to an attorney who had represented the minor through a next friend, or by payment to the next friend; that it was the duty of appellant to pay this money to the legally appointed guardian of the child or into court, there to be held and disposed of by the court, and we believe that the court committed no error in sustaining the demurrers to the sev-

eral pleas of the appellant, and the judgment of the lower court is affirmed.

*Judgment affirmed.*