## BRADLEY v. JACOBSEN et al.

No. 27219. May 25, 1937.

Jno. M. Goldesberry, Gerald B. Klein, and James Goldesberry, for plaintiff in error.

Hudson & Hudson, for defendants in error.

CORN, J. This is an appeal from the judgment of the district court of Tulsa county, sustaining defendants in error's demurrer to the application of plaintiff in error to vacate the satisfaction of judgment executed and delivered by plaintiff in error and his decedent. The parties will be referred to as plaintiff and defendants, as they appeared in the lower court.

Plaintiff filed in this cause his "motion to set aside and vacate satisfaction of judgment and to revive and reinstate judgment" and in due course defendants filed their general and special demurrer to the application. The trial court sustained said demurrer for the reason said application did not state facts sufficient to entitle plaintiff to the relief prayed for.

Plaintiff alleged in said application,

which was filed September 24, 1935, that on and prior to May 17, 1934, plaintiff, Frank Bradley, was a minor and infant under the age of 21 years, and that he became of legal age on July 6, 1934; that on May 17, 1934, the plaintiff, Frank Bradley, obtained a valid judgment against the defendants in the sum of $5,000 pursuant to an agreed settlement between the parties; that on the same day a satisfaction of judgment was executed by Frank Bradley and his next friend, who brought and maintained said action, and that said satisfaction of judgment was executed by the attorneys representing the plaintiff, and that the same was filed in the case. Plaintiff asks that said satisfaction of judgment be vacated and set aside and that the judgment be reinstated for the reason that at the time of the rendition of the judgment and the execution of the satisfaction thereof plaintiff Frank Bradley was a minor.

No fraud was pleaded nor contended, but to the contrary plaintiff admitted that he and his next friend received the full amount of the judgment, $5,000, but asks the court to vacate the satisfaction and to reinstate the judgment merely because he was a minor at the time judgment was rendered and satisfied.

It is conceded that at the time of the executing and filing of said satisfaction of judgment Frank Bradley was a minor and that W. H. Bradley had been acting as his next friend for the purpose of bringing the suit; that Charles Bostick and C. J. Hindman were the attorneys of record in the action representing the minor and his next friend. It is also conceded that at the time said judgment was paid, the satisfaction of judgment was signed by the minor, then 20 years and ten months of age, his next friend, and by both his lawyers. It is further conceded that at the time the judgment was paid and satisfied there was no guardian appointed for said minor nor was there a bond posted by any person.

The matter of the application to vacate the satisfaction of judgment and to reinstate same came on for hearing upon the demurrer to the application, and the court held that the next friend of the minor and the attorneys for each or both of them had the authority to receive the payment of the judgment and to satisfy the same.

Section 4202, O. S. 1931, is as follows:

"An attorney and counselor has power to receive money claimed by his client in an action or proceeding during the pendency thereof, or afterwards, unless he has been previously discharged by his client, and, upon payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment."

An attorney under this section has authority to collect money and to satisfy the judgment. Baker v. Vadder, 83 Okla. 140, 200 P. 994.

The state of Washington has a statute almost identical with section 4202, O. S. 1931, the only difference being the inclusion in our section of the words, "unless he has been previously discharged by his client." The said Washington statute, section 4766, Ballender's Ann. Codes & St., reads as follows:

"* * * Subdiv. 2. To receive money claimed by his client in an action or special proceeding during the pendency thereof, or after judgment upon the payment thereof, and not otherwise, to discharge the same or acknowledge satisfaction of the judgment."

We quote from the case of State v. Ballinger, 41 Wash. 23, 82 P. 1018, 3 L. R. A. (N. S.) 72, which is a case precisely in point, and we must necessarily look to states having statutes similar to ours in order to determine what the courts have said about the proposition, as we have never passed upon this particular situation:

"It will be noticed, however, that none of the cases cited, and none that we have been able to find, have decided that the attorney of the minor has not the right to satisfy the judgment.

"The relator insists that, inasmuch as, under the authorities which he has cited, the guardian ad litem has no right to satisfy the judgment, an attorney appointed by said guardian ad litem could not have any greater authority than the appointing power. Conceding that the authorities on the main proposition sustain relator's contention, it does not necessarily follow that the attorney would not have such power; for the attorney is an officer of the court, and his appointment is not made as an attorney for the guardian ad litem, but as an attorney for the minor, and there is reason in the thought that the same powers which he would obtain by reason of his employment as an attorney in other cases would attach to his employment as an attorney for a minor. But we think from an investigation of all the authorities that the great weight of authority is to the effect that the guardian ad litem, while not clothed with the power to compound or settle the judgment in favor of the minor, has a right to satisfy the same; and there seems to be no authority holding that the

attorney for the minor has no such right. On the contrary, the general rule in this country seems to be that he has. On this proposition Mr. Freeman, in his work on Judgments (4th Ed.) sec. 462, after laying down the general doctrine that an attorney at law retained to prosecute a demand has, by virtue of that retainer, authority to receive payment of the judgment when recovered, proceeds: 'The relation of a prochein ami to the action is that of an officer of the court specially appointed to enforce and preserve the rights of the infant in whose behalf he acts. He may employ an attorney, carry the suit on to judgment, and may, if there is no regularly constituted guardian of the infant, receive the money recovered of the defendant, and thereupon may enter a valid satisfaction of the judgment,'—citing several cases to sustain the text. Proceeding: 'The attorney who is employed by the prochein ami to prosecute the suit is thereby authorized to receive payment of the judgment, and to enter satisfaction thereof when such payment is made.' In Black on Judgments (2d Ed.) sec. 986, it is said: 'Payment may also, as a matter of course, be made to an agent of the plaintiff duly authorized to collect the judgment, or to the prochein ami of an infant plaintiff who has no regular guardian.'

"It will be noticed in this case that, at the time of the satisfaction and payment of this judgment, the minor had no regular guardian. In Baltimore & O. R. Co. v. Fitzpatrick, 36 Md. 619, where an action was brought for and in the name of an infant who sued by a prochein ami and, judgment having been recovered by the plaintiff, the amount thereof was paid by the defendant to the attorney of record, who was regularly employed by the prochein ami to conduct the action, and by order of the attorney the judgment was entered satisfied, and at the time of the payment to the attorney there was no regularly constituted guardian of the beneficiary, plaintiff to receive and receipt for the money recovered,—it was held that the payment by the defendant to the attorney of record was a good discharge of the judgment, and his act in receiving the money and directing satisfaction of the judgment to be entered was binding upon the infant plaintiff. In Stroyd v. Pittsburgh Traction Co.. 15 Pa. Super. Ct. 245, it was held that an attorney employed by the prochein ami of an infant, where there is no guardian, is clothed with authority to receive and receipt for money due upon a judgment entered upon a verdict in suit for damages suffered by an infant, and the payment by the defendant to the attorney of record was binding upon the infant. In the course of the opinion it is said: 'When

the prochein ami has duly appointed an attorney to prosecute the proceedings, the latter becomes the attorney in the case. He is the attorney for the infant, to whom he must answer.' Upon the whole investigation, we are satisfied that the attorney of the minor had a right to satisfy the judgment in this case.

"However, in addition to the general authority, it seems to us that this question is settled by our own statute. Section 4766, in setting forth the powers and authority of attorneys and counselors, in subdivision 2, provides, among other powers: 'To receive money claimed by his client in an action or special proceeding during the pendency thereof, or after judgment upon the payment thereof, and not otherwise, to discharge the same or acknowledge satisfaction of the judgment.' It will thus be seen that the letter of the law most assuredly sustains the respondents' contention, for the statute especially clothes the attorney with authority, not only to satisfy the judgment, but to receive the money, and there is no limitation as to the character of the employment or the kind of clients. To insure the orderly transaction of lawsuits for the benefit of minors, as in other cases, attorneys must be clothed with some discretion and power, and so far as the equities are concerned, which are sought to be invoked by the relator, there do not seem to be any in favor of the relator as against the city. The city has paid its obligations in full, in the ordinary and orderly course, to the relator's regularly constituted agents or attorneys, the same attorneys through whose services and endeavors the judgment in favor of the minor was obtained. If relator's attorneys have in any way violated their duty, he must look to them for redress, for the attorney is employed, not for the benefit of the guardian ad litem, but for the benefit of the minor, to whom he is liable for negligence and malfeasance in the course of the employment."

In the case at bar, the judgment was rendered in accordance with the agreement with the defendants; the court heard the evidence and approved the settlement, and $5,000 in cash was paid to the minor, his attorney and next friend; they signed and delivered their satisfaction of judgment, and the same was filed in the case. No fraud has been charged. Section 4202, supra, gives the attorneys power to collect money and to satisfy judgment, if they have not been discharged by their client, and that is not contended in this case.

Judgment affirmed.

OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur.