Cavin v. Smith & Kerr.

<hr>

' CAVIN, Respondent, v. SMITH & KERR, Appellants.

1. Although declarations of a party in possession of property against his interest are admissible in interest against one claiming under him, they must, to be competent evidence, be made prior to the inception of the successor's title.

*Appeal from Polk Circuit Court.*

The facts of this case sufficiently appear in the opinion of the court when compared with the report of the same case when on error before, in 21 Mo. 444.

*Napton,* for appellants.
*F. P. Wright,* for respondent.

LEONARD, Judge, delivered the opinion of the court.

The question upon this trial was, to whom the mare belonged at the time she was seized by the constable under the execution against Ray to satisfy the judgment against him in favor of the defendant. The plaintiff insisted that she belonged to him, and was in Ray's possession, if at all, under a contract that the latter should have her upon his completing certain work that he had undertaken for the plaintiff. When the cause was here before, the judgment was reversed because the court excluded Ray's declarations, made while he was in possession of the mare and before the constable's levy, to the effect that "he was to have the mare on condition that he completed the work he had undertaken for the plaintiff;" and now it must be reversed because the court has admitted Ray's declarations to the same effect, made after the constable had taken her in execution. The admissions of a party to a suit, made against his

15—VOL. XXIV.

Cavin v. Smith & Kerr.

own interest, are of course competent evidence against himself, and it has been laid down generally (Cow. & Hill's notes, p. 644, note 481) that these admissions, coming from one who was the owner of the property at the time, and being exclusively against his own interest when made, are equally admissible against his successors, both immediate and remote, to the same property, and that this rule is applicable to every species of property, real and personal, in possession and in action, and to every kind of transfer, whether by act of law or of the parties. This doctrine is put on the ground that the present claimant stands in the place of the person from whom his title is derived, and as his predecessor might have taken a qualified right, or sold, charged or modified an absolute right, and might also furnish all the necessary evidence to show its state in his own hands, the law will not allow third persons to be deprived of that evidence by any act of transferring the right to another. We are not called upon to express an opinion as to the correctness of the doctrine to the full extent thus given to it ; but it is sufficient for the present case to remark that, although the declarations of a party while in possession of personal property are admissible against any one subsequently succeeding to his title, yet they are not competent evidence against a successor whose title had its inception before the admissions were made. Ray's admissions, made while he was in possession and before the levy, affected himself only ; they touched the rights of no one else ; and this the law deems a sufficient guaranty to take them out of the rule excluding hearsay evidence. But it was otherwise in reference to what he said after the property had been seized in execution, and it is quite impossible to tell what considerations, other than a regard for the result, may have induced him to make admissions, which, though nominally against his own interest, were really against a creditor who, by a previous levy, had acquired an interest in the property far greater, perhaps than the execution defendant felt that he had in it. The judgment must therefore be reversed, and the cause remanded, with the concurrence of Judge Ryland.