F. M. WOOD, Plaintiff in Error, v. S. L. HICKS, Defendant in Error.

1. *Evidence—Hearsay.*—The statements made by one who is himself a competent witness are not admissible in evidence. The declarations made by one in possession of property, against his interest, are admissible in evidence against himself and those claiming under him.

2. *Fraud—Judgment.*—Judgment set aside as in fraud of creditors.

*Error to Jefferson Circuit Court.*

*John L. Thomas*, for plaintiff in error.

I. The court below should have omitted the declarations of A. H. Downing, because they were against his interest at the time they were made. (16 Mo. 250.) The case in 32 Mo. 464, is not in point.

*J. A. Beal*, for defendant in error.

I. The court properly ruled out the declarations of Downing because he was a competent witness, and no foundation had been laid to impeach his evidence by first asking him if he made a particular statement to Power, on a specified time and at a particular place. "Declarations of a maker of a deed attacked for fraud, are not evidence in favor of those who claim under the deed." (32 Mo. 464.)

II. Courts of equity have uniformly set aside deeds and judgments obtained by fraud, or where deeds and judgments have been had and obtained in bad faith, although for a valuable consideration. (Fonb. Eq. 642, n. & 470 ; 1 Sto. Eq. §§ 333, 353–54, 369.) This doctrine was laid down in Twyne's case (3 Co. 81), and it has ever since been steadily adhered to. Cases have been repeatedly decided in which persons have given full and fair prices for goods, and where possession has been actually delivered; yet being done for the purpose of defeating creditors, the transaction has been held fraudulent. So where a man, knowing of a judgment and execution and with a view of defeating it, should purchase the debtor's goods, it would be void, because the purpose is iniquitous. (1 Sto. Eq. § 369; Johnson v. Sullivan, 23 Mo. 482; 12 Pick. 388, 392; 7 Johns. 182 ; 3 Dessauss. 323 ; 3 Phil. Ev. 854–5.) A creditor may combine with his debtors fraudulently to defraud his other creditors, and the conveyance is void, although the purchase is for a valuable consideration. (Johnson v. Sullivan, 23 Mo. 482 ; 35 Pa. 432 ; 12 Ind. 259 ; 3 Clark, Iowa, 543 ; 19 Texas, 257 ; 22

Texas,—; 29 Pa. 357; Fairfield v. Baldwin, 12 Pick. 388; R. C. 1855, p. 802, § 2.)

III. A confession of a judgment in favor of a *bona fide* creditor, given with the knowledge that another creditor is about to attach the property, is void as to the creditor. (Ryan v. Daly, 6 Cal. 238.) I maintain that the well settled principles of equity, from the case of Twyne to the present time, all uniformly lay down the doctrine, that a conveyance or judgment in favor of a person for a valuable and adequate consideration, if done in bad faith or in fraud of other creditors, is null and void because of the intent. (Johnson v. Sullivan, 23 Mo. 482; Knox v. Hunt et al., 18 Mo. 180–81; 15 Mo. 378; 1 Bur. 474; 7 B. Mon. 369; 4 Ver. 412; 18 Mo. 180.)

LOVELACE, Judge, delivered the opinion of the court.

This was a petition to set aside a decree rendered in the Jefferson Circuit Court in favor of the defendant Hicks and against one Downing, decreeing title to certain real estate in said Hicks. The petition sets out that at the June term of the Jefferson Circuit Court, 1860, the plaintiff obtained judgment against said Downing for the sum of $138 and 74 cts., upon which judgment an execution issued, and certain real estate which is described in the petition was levied on as the property of said Downing and sold to the plaintiff; that previous to the sale of the land to the plaintiff, as aforesaid, the defendant Hicks had commenced proceedings in the Jefferson Circuit Court against said Downing for the purpose of obtaining title to the land in question, claiming that said Downing had, by a verbal contract, agreed to sell the land to said Hicks, and that in pursuance of said contract said Hicks had taken possession of said land and made valuable improvements thereon, and paid the purchase money therefor. The petition charges that all the above allegations made in the petition of Hicks against Downing were false, and that the said Downing had filed an answer to said petition

denying each and every one of said allegations; that, after the sale of said land under the plaintiff's execution, Hicks and Downing combined and confederated together for the purpose of defrauding the plaintiff out of the land, and to accomplish this it was agreed that Hicks should pay to Downing a certain sum of money claimed to be due upon the verbal sale, and that Downing should withdraw his answer filed in said cause and permit a decree to be entered against him for the land, and that in accordance with said agreement Downing did withdraw his answer and permit a decree to be entered against him without any evidence being offered to sustain the allegation in Hicks' petition. The petition also charges that Hicks had knowledge of the plaintiff's judgment and execution at the time said decree was rendered.

The answer admits the plaintiff's judgment and execution against Downing, and the sale of the land under the same, and the purchase by plaintiff; but denies all combination or fraud between the defendant and Downing for the purpose of defrauding the plaintiff, and insists upon the truth of all the allegations made by him in his petition against Downing.

Upon the trial, the court found the facts set forth in the petition to be true, and made a decree in favor of the plaintiff, setting aside the decree formerly rendered in favor of Hicks against Downing, and vesting the title to said land in the plaintiff, and ordering the plaintiff to pay to Hicks the sum of one hundred and eighty dollars. To reverse this decree, the defendant brings the cause to this court by writ of error. In the course of the trial, the defendant offered to prove the declarations of Downing in relation to the verbal sale by Downing to himself, which was rejected by the court, and that is urged as one ground for reversing the decree.

I am unable to see upon what legal ground the declaration of Downing could be admitted in this case. He was a competent witness, and could have been introduced by either

party. Indeed, he was introduced by the plaintiff and examined on the very subject about which these declarations are said to relate. If he knew anything that would benefit the defendant, it was an easy matter to draw it out of him while he was on the stand; and if he refused to state the facts correctly by laying a proper foundation, the declarations in question might have been introduced by way of impeachment. But that is not the object in attempting to introduce them. The object was to prove a substantial fact, to wit: that the verbal sale of the real estate in question by Downing to Hicks, and the decree rendered them, were *bona fide*. It is certainly difficult to see how Downing's admissions, even if he were not a competent witness, could be used to effect Woods' rights. But we are told that the declarations sought to be proved were against Downing's interest at the time they were made. The rule is, that if a party in possession make declarations against his interest which would have been good against himself, they may be used against a person claiming under him. (Jackson v. Bard, 4 Johns. 230.) But the declarations to be good in such cases must have been made while the party was in actual possession, and in this case it is not shown that Downing was in possession at the time the declarations were made. Indeed, to admit that he was in possession, would destroy the whole theory of the defendant's case; for if possession did not pass with the verbal agreement to sell the land, there would be no shadow of title upon which the decree in favor of Hicks against Downing would be based.

We have examined the case of McLaughlin v. McLaughlin (16 Mo. 243) cited by the defendant in support of his position; but the cases are not similar. In that case the declarations of the intestate were admitted against the administrator; but in this case the declarations of a living witness are sought to be introduced against a party who had no common interest with him. In Tucker v. Tucker (32 Mo. 243) it was held that the declarations of the grantor in a deed made at the time of executing the deed, showing his

intention in making the deed, were inadmissible in an action to set aside the deed for fraud. But the declarations of Downing, if they had been admitted and had proved the verbal contract contended for, they still would not have disproved or tended to disprove the fraud charged to have existed in the decree; for if there had been a verbal sale from Downing to Hicks, and Hicks had still owed a sum of money on that sale, Downing would have had an interest in the real estate that might have been-levied on and sold under our statutes, and a decree passing title to Hicks by paying the balance due to Downing would be a fraud against Woods' rights; for he *had* a lien from the date of his judgment on all the interest which Downing had in the real estate in question. So it would seem that the declarations of Downing could have done the defendant no good even if they had been admitted. But there was no error in excluding them. He was a competent witness, and if the defendant desired to prove any facts that were within his knowledge, he should have introduced him.

It is also complained that the court below refused to admit the original petition and answer, in the case of Hicks v. Downing in evidence. We are not prepared to say that there was any error in this. The recitals in the pleadings in that suit certainly could not bind the plaintiff in this. Be that as it may, however, the pleadings make no issue with regard to what was tried in that case. The only question here was as to the fraud and collusion between Hicks and Downing.

It is unnecessary to review the propositions of law given and refused by the court. This was a case of chancery tried by the court, and the verdict seems to be for the right party, and it is therefore affirmed. The other judges concur.