KINGSLAND *et al.* v. DRUM, *Administrator, et al., Appellants.*

1. **Personal Property**: SALE: EVIDENCE OF TERMS.   In a suit by plaintiffs to set aside a chattel mortgage to a third person, because they, as the vendors of the mortgageor, had, by the terms of the sale to him, reserved the property in themselves until it was fully paid for, it is competent for the plaintiffs to prove the terms of said contract of sale, either by the evidence of a person present when it was made, or by the admissions of the vendee in reference thereto, made by him while in possession of the property.

2. ——: MORTGAGEE: NOTICE OF PRIOR CLAIM.   A mortgagee of personal property, who takes it with notice of an agreement that it should remain the property of the mortgageor's vendor until fully paid for, is bound by such agreement.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

*Wilson Cramer* for appellants.

The evidence shows that appellants took the mortgage in good faith, for the purpose of securing a just debt.   The law declared by this court in *Wangler v. Franklin,* 70 Mo. 659, and *Robbins v. Phillips,* 68 Mo. 100, was radically changed by act of the legislature of April 2nd, 1877.   R. S., § 2507.   Assuming that the evidence established a conditional sale, the condition was not evidenced by writing, as required by the foregoing act, and was, consequently, void, and the petition, failing to allege the execution of such writing, does not state facts sufficient to constitute a cause of action.   The petition does not claim that the sale to Eisenberg was on condition, but that his vendors should retain a vendor's lien until the purchase notes were paid. The evidence shows that possession of the machine and horse-power was delivered to the purchaser, and this operated as a waiver of the vendor's lien.   *Sigerson v. Kahmann,* 39 Mo. 206; *S. W. Freight, etc., v. Stanard,* 44 Mo.

71; *S. W. Freight, etc., v. Plant,* 45 Mo. 517; Benjamin on Sales, (2 Am. Ed.) § 799.

*R. B. Oliver* for respondents.

The evidence shows there was a contract or agreement between respondent and Eisenberg at the time of the sale of the machine and power, that the latter was to have the use and possession of the same, with a lien for the purchase price in favor of the former, until fully paid for. Such contract was binding, both on the parties to it and on all taking the property with notice of the same. Parsons on Contracts, (6 Ed.) side p. 494; *Webb v. Ins. Co.,* 14 Mo. 3; *Johnson v. Jeffries,* 30 Mo. 423; *Wangler v. Franklin,* 70 Mo. 659. This court will not disturb a finding of the lower court because it is against the weight of evidence. *Rea v. Ferguson,* 72 Mo. 225; *Price v. Evans,* 49 Mo. 396; *Penn v. Lewis,* 12 Mo. 161. The trial court should give such relief as the pleading and facts warrant. *Henderson v. Dickey,* 50 Mo. 161; *Merchants B'k v. Evans,* 51 Mo. 335; *Wright v. Barr,* 53 Mo. 340; *White v. Rush,* 58 Mo. 105; *Ames v. Gilmore,* 59 Mo. 537. The judgment of the trial court is fully sustained by the evidence and right. 36 Mo. 138.

NORTON, J.—This suit was instituted for the purpose of setting aside a certain deed of mortgage executed by one Eisenberg, conveying to defendant Drum a certain threshing machine and horse-power, to secure him in the payment of certain debts therein mentioned. The mortgage was executed on the 10th day of August, 1878, and the validity of it is assailed by plaintiffs on the ground that said mortgage was without consideration, and that when it was executed defendant, Drum, had notice that said plaintiffs had a lien on said property for the purchase money, and that said machine and horse-power were sold by plaintiffs to Eisenberg with the understanding and agreement that their lien was to continue on the property till it was paid for. The petition sets up other matters, which it is

not deemed necessary to notice, in order to a proper understanding of the controlling point involved in the case. The defendant, in his answer, puts in issue the averments of the petition as to said mortgage being taken without consideration, and with notice of plaintiffs' claim on the property. The court found for plaintiffs and rendered judgment accordingly, from which defendant has appealed.

It is contended by counsel for defendant that the evidence does not show a sale by plaintiffs to Eisenberg of the property in question, on the condition that the property was to remain the property of plaintiffs till it was paid for; and that if the evidence establishes that fact, there is no evidence showing that Drum had notice of it, at or before the time he took the mortgage on it.

As to the first of the above points, it must be ruled against the defendant. Mr. Mattingly, a witness on the part of plaintiffs, testified as follows: "Eisenberg came down on the boat with the machine, and had it landed at Wittenberg. I asked him upon what terms he had purchased the machine, and he told me he had executed two notes for the purchase money, one payable in August and the other in October. I also asked him if the machine and horse-power were to remain the property of Kingsland, Ferguson & Co. till the notes were paid, and he said they were." This conversation was in July, 1878. The evidence was objected to on the ground of irrelevancy, it not being shown that Drum was present. This objection was properly overruled. It was competent for plaintiffs to show the terms of sale agreed upon, either by proving the contract by a person present when it was made, or by proving it by the admissions of Eisenberg, a party to it, such admissions having been made before the mortgage to Drum was given, and while Eisenberg was in possession of the property. 1 Greenleaf Ev., § 190. See also 21 Mo. 522 and 444; 36 Mo. 326; 24 Mo. 221. It was for plaintiffs to show, as the first necessary step to make out their case, that it was agreed between plaintiffs and Eisenberg that the property in the machine

and horse-power was to remain in plaintiffs till they were paid for. This contract, however, under section 2507 of the Revised Statutes, could not affect the rights of Drum under his mortgage, unless the other evidence in the case showed that Drum had notice of it at or before the time the mortgage was taken. In the cases of *Wangler v. Franklin*, 70 Mo. 659, and *Robbins v. Phillips*, 68 Mo. 100, it was held " that when property was sold on the condition that the title was to remain in the seller until the purchase money was paid, the contract is a valid one, and will be respected and enforced by the courts even against a *bona fide* purchaser." Section 2507, *supra*, works a radical change as to the law in this respect, in that it provides that such condition in regard to the title remaining in the seller until the purchase price is paid, " shall be void as to all subsequent purchasers in good faith, unless such condition shall be evidenced by writing, executed, acknowledged and recorded, as provided in cases of mortgages of personal property."

The only question, then, remaining to a proper disposition of the case is, was Drum a subsequent purchaser in good faith. If he took the mortgage in dispute without notice of the fact that the machine and horse-power were to remain the property of plaintiffs, he was a purchaser in good faith; on the other hand, if he took it with notice of that fact, he was not a purchaser in good faith. We are of the opinion that the evidence tends to show that Drum had notice of that fact, and the circuit court so found. Drum was examined as a witness, and it appears from his testimony that he had taken a deed of trust from Eisenberg on all his property, real and personal, to secure him in certain debts therein mentioned, including in said deed forty-one acres of land, the homestead of Eisenberg, and having understood that there was a judgment of $500 against Eisenberg, and that there was some question about title, he called on Eisenberg for a mortgage on the machine and horse-power, and in this connection further stated as follows:

"At the time I took the mortgage, did not know whose machine it was; Eisenberg was in possession of it, and claimed it; did not know Kingsland, Ferguson & Co. claimed to have a lien on the machine; of course it was in their name; that is, their name was on it as manufacturers." Upon being asked if it was not notorious in the neighborhood that Kingsland, Ferguson & Co. claimed a vendor's lien on the machine, he said : " I can't tell whether it was or not. I never heard much about it. That Eisenberg got the machine from Kingsland, Ferguson & Co., was generally known; the machine had the firm name upon it. Have no recollection of having heard that it was Kingsland, Ferguson & Co.'s machine. It was notorious at that time that Eisenberg was insolvent. Am certain I never heard of their setting up any claim before I took a mortgage on it. Don't now remember the date of my mortgage. Some time after the execution of the mortgage to me, I heard it reported that Kingsland, Ferguson & Co. claimed a lien on the machine; how long afterward I do not now remember. Eisenberg executed them a mortgage on the machine."

On his cross-examination, he stated as follows : " I asked him to give me a mortgage on the machine; he said he did not care to do so, but I insisted and told him I did not consider myself safe the way things stood, and that I wanted further security, and wanted him to give me a mortgage on the machine. He hesitated, as it seemed, whether to do so or not, but finally concluded to do so. I then asked him if there were any notes or writings drawn up about the machine. He said there were not that he knew of. I then asked, 'Has any one got any hold or claim on this machine?' and he said 'No.' I had heard statements in the neighborhood that the machine was Kingsland, Ferguson & Co.'s."

It is further shown by the evidence of this witness that after Eisenberg's death he administered on his estate, and sold all the personal property mentioned in the deed of trust to pay the debts mentioned therein, that the proceeds

of the sale paid all but $406, with $100 of sale money to be collected and applied, thus reducing the amount to $306; that the forty-one acres of land, the homestead of Eisenberg, presumably not subject to sale under the judgment referred to in his evidence, was worth from $8 to $20 per acre. That thus secured, he called on Eisenberg for a mortgage on the machine, knowing that Eisenberg was insolvent, and that he had bought said property of plaintiffs on time, and that it was not paid for, and that he heard in the neighborhood that the machine was Kingsland, Ferguson & Co.'s. Under the rule laid down in the case of *Speck v. Riggin*, 40 Mo. 405, where it is said " that notice is either where the purchaser knows of the existence of the adverse claim, or is conscious of having the means of knowing," we think defendant is chargeable with notice, he having admitted in his evidence that " he did not know whose machine it was at the time he took the mortgage;" that he had heard statements in the neighborhood that it was plaintiffs. See, also, *Ringo v. Richardson*, 53 Mo. 393 ; *Musick v. Barney*, 49 Mo. 458; *Meier v. Blume, ante,* p. 179. While the evidence of Drum shows some contradictions, the judge who heard the evidence and saw the witness was in a better situation to judge of the weight to be attached to it than we are.

On the whole record, we think the judgment was for the right party, and, therefore, affirm it. All concur.