BAKER *v.* PERE MARQUETTE RAILROAD CO.

INFANTS — ACTIONS — NEXT FRIEND — JUDGMENT — PAYMENT —
AUTHORITY TO RECEIVE.

> The next friend of an infant has authority to receive payment and satisfy a judgment recovered by him in the name of the infant. Section 10458, 3 Comp. Laws.

Error to Bay; Shepard, J. Submitted November 10, 1905. (Docket No 122.) Decided December 30, 1905.

Scire facias proceedings by Oscar W. Baker against the Pere Marquette Railroad Company to enforce a judgment. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed.

*F. W. Stevens* (*John C. Weadock*, of counsel), for appellant.

*Lee E. Joslyn* (*Oscar W. Baker*, of counsel), for appellee.

HOOKER, J. The plaintiff suffered the loss of a leg in 1887, being then seven years old, by being run over by the engine or cars of the Flint & Pere Marquette Railroad Company. An action was brought by his father, James H. Baker, as next friend, which resulted in a judgment for $5,000 against that company. This judgment was paid by the check of the Flint & Pere Marquette Railroad Company for $5,000, payable to James H.. Baker, next friend, etc., and delivered to counsel who tried the case. He caused it to be indorsed by James H. Baker, and himself collected the cash upon the check, retained one-half of the amount for his fees, according to agreement, and paid the remainder to James H. Baker, the next friend. It is claimed that the defendant is the successor of the Flint & Pere Marquette Railroad Company, through a

consolidation, and liable under the contract to pay its debts and obligations, of which this is said to be one. The proceeding is by scire facias. A jury was impaneled to try the case. The circuit judge held that there were no disputed questions of fact, and directed a verdict for $5,393.93 in favor of the plaintiff, which was the amount of the original judgment and interest, less the amount paid counsel, and the sum of $100 paid to plaintiff by his father. The defendant has appealed.

The questions in the case are two:

1. Was the delivery of the check and its payment to counsel and the next friend a satisfaction of the judgment?

2. If not, is the defendant liable to the plaintiff upon the judgment in this proceeding?

Our statute (3 Comp. Laws, § 10458) provides:

"SEC. 5. Before any person shall be appointed next friend for an infant in any suit to recover any debt or damages, he shall, if required by the officer to whom application for such appointment shall be made, execute a bond to such infant, in a penalty at least double the amount claimed in such suit, with such sureties as shall be approved by such officer, conditioned that such next friend shall duly account to such infant for all moneys which may be recovered in such suit."

It is admitted that this statute was adopted as early as 1846 from the statutes then in force in the State of New York. 2 Rev. Stat. N. Y. (1st Ed.) pt. 3, chap. 8, tit. 2. Prior to the enactment of 1846 it had been before Chancellor Walworth in a case where there were several infant plaintiffs. *In re Frits*, 2 Paige (N. Y.), 374. A petition was filed on their behalf for a next friend to enable them to join with other adult legatees, under the will of their grandfather, for the sale of certain real estate of the testator, to satisfy their legacies charged thereon. The petition stated that it would be expensive to the infants to procure the appointment of a next friend for each. The appointment was made, and the court said, with reference to the requirement of a bond:

"It would be a useless and unnecessary expense to excute a bond to each of the 30 infants in this case. And as the premises must be sold under the direction of a master, if a sale is decreed, to pay the legacies, the court can control the fund without suffering it to pass into the hands of the next friend. The security may therefore be dispensed with, under the particular circumstances of this case."

It is evident that the learned chancellor was of the opinion that the statutory provision for a bond was to secure the infants against misappropriation of such funds as should be recovered and paid to the next friend. Otherwise it would have been sufficient to say that as the next friend had no authority to receive, and the commissioner making the sale none to pay to him, any portion of the proceeds of the sale, a bond would be unnecessary. It may be said that this was no more than an unnecessary and inappropriate reason for his conclusion, upon a matter of discretion, his determination of which did not depend upon his reason, or for that matter upon his giving any reason for his holding, and therefore that it should not be given the weight of an authoritative determination that a next friend may collect and discharge a judgment. We entertain the opinion that this was not such a decision as to foreclose the question now before us in the courts of New York.

The practice of appointing next friends to prosecute actions for infants was of statutory origin, and was apparently provided to avoid the difficulty of obtaining the application of the infant for the appointment of a guardian. See 1 Coke upon Littleton, f. 135*b* and note. Such guardians may have had authority to receive payment and satisfy judgments. See *White* v. *Hall*, Moore, 852 (A. D. 1616). Whether such authority was intended to be given to next friends, seems never to have been decided by the English courts. The case of *Morgan* v. *Thorne*, 7 Mees. & W. 400, contains such a dictum, in language which indicates little doubt on the part of the court. The case of *Collins* v. *Brook*, 4 H. & N. 270, 5 H. & N. 700, is sometimes cited as authority to the same effect, but it is not

clearly so, and much that was said in that case is consistent with a different theory.   Freeman and Black on Judgments limit the right to cases where there is no regularly constituted guardian, and cite these cases to support the text.   2 Black on Judgments, § 986; 2 Freeman on Judgments, § 462.   The case of *Baltimore, etc., R. Co.* v. *Fitzpatrick,* 36 Md. 624, is to this effect.   The American cases are at variance upon the point, many denying the authority; and it must be admitted that a strong argument can be made in denial of the right as appears from these cases.   The courts of Tennessee, Alabama, South Carolina, Kentucky, Texas, and West Virginia, and perhaps other States, deny the right.   On the other hand the courts of Massachusetts, Ohio, Maryland, and Pennsylvania sustain defendant's claim.

We have said that our statute (which we have quoted) was taken verbatim from the statutes of New York some years after it received a construction at the hands of Chancellor Walworth.   *In re Frits,* supra.   It is true that this may be called a dictum.   Nevertheless it was never questioned, and many years later the rule in New York was changed by statute.   Aside from this consideration, we find in the statute itself a provision that indicates the understanding of the legislature to have conformed to the decision of Chancellor Walworth.   It authorized the court to require a bond to the infant from the next friend.   It required it to be executed and delivered to the officer before the appointment should be made.   It was to be conditioned that such next friend account *to the infant* for all moneys which might be recovered in the suit.   We think this inconsistent with any other theory, except that the next friend had authority to receive payment of the judgment that should be recovered.   This view has been taken in the construction of statutes of other States, where a bond has been required.   See *Neal* v. *Spooner,* 20 Fla. 38; *Jones* v. *Steele,* 36 Mo. 326; *Burkham* v. *Cooper,* 2 Ohio Cir. Ct. R. 77; 14 Enc. of Pl. & Prac., p. 1037, and notes.

There is another reason that suggests itself as a possible obstacle to plaintiff's recovery, viz., that the attorney of record in the case received the payment. It is true that the check was made payable to the next friend, but it was delivered to the attorney, who obtained the money upon it. Unless we should hold that he had not the usual authority of attorneys in other cases — i. e., to collect and satisfy judgments — the payment to him would be sufficient. This question was not argued, however, and it is unnecessary to decide it.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and MCALVAY, MONTGOMERY, and OSTRANDER, JJ., concurred.