TOLEDO COMPUTING SCALE COMPANY, Appellant, v. S. C. AUBUCHON, Respondent.

**St. Louis Court of Appeals, February 2, 1915.**

1. **FRAUDULENT CONVEYANCES: Conditional Sale: Return of Purchase Price: Rights of Subsequent Buyer.** Sec. 2890, R. S. 1909, which provides that a seller shall not take possession of property sold under a contract of conditional sale, without tendering or refunding to the buyer the part of the price paid, after deducting a reasonable compensation for the use of the property, not in excess of twenty-five per cent of the amount paid, applies only between the parties to the contract, and hence, in an action in replevin by the original seller against one who purchased from the original buyer, a tender of seventy-five per cent of the payments on the purchase price made by the original buyer was not a condition precedent to the maintenance of the action.

2. ———: ———: **Failure to Record Contract: Rights of Subsequent Buyer with Notice.** A contract of conditional sale, under which title remains in the seller until the purchase price is paid, is good as against one who purchases from the buyer with *actual notice* of the contract and of nonpayment of the purchase price, notwithstanding the contract is not acknowledged and recorded conformably to Sec. 2889, R. S. 1909.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck*, Judge.

Reversed and remanded.

*Merrill Pipkin* for appellant.

(1) Section 2890 does not apply to any one except the company and Fry. Aubuchon did not purchase from the company, hence the company was not required to refund any part of the money paid by

Fry.    The court erred in permitting Fry to testify
that no part of the money paid by him to the company
had been paid back.   Barnes v. Rawlings, 74 Mo. App.
531.   (2)   The court erred in excluding from the jury
the reading of the delivery bond given by the defend-
ant.   The object of the statute providing for the giv-
ing of a delivery bond for the retaining of property
by defendants is to enable them to retain possession
of the property until questions of ownership and right
to possession can be determined by suit.   When de-
fendants have availed themselves of the benefits of this
statute, they are estopped from claiming or showing
at the trial that the property described in their deliv-
ery bond was never in their possession.   Carpenter
v. Stears, 32 Mo. App. 132; Schnieder Brewing Co. v.
Niederweiser, 28 Mo. App. 233; Miller v. Bryden, 34
Mo. App. 602.   (3)   A purchase made with actual
knowledge of a prior executory sale is not protected
by this section.   Dieckman v. Young, 87 Mo. App. 530;
Gentry v. Templeton, 47 Mo. App. 182; Wurmser v.
Sivey, 52 Mo. App. 424; Vette v. Merrill Drug Co., 137
Mo. App. 229; Gilbert Book Co. v. Sheridan, 114 Mo.
App. 332; Kingsland et al. v. Drum, 80 Mo. 646; Oyler
v. Renfro, 86 Mo. App. 321; R. S. 1899, sec. 3410; Col-
lins v. Wilholt, 108 Mo. 451; Hendricks v. Evans, 46
Mo. App. 313; Webb & Co. v. Aetna Ins. Co., 14 Mo. 3;
Johnson v. Jeffries, 30 Mo. 423; Wangler v. Franklin,
70 Mo. 659; Rea v. Ferguson, 72 Mo. 225; Price v.
Evans, 49 Mo. 396; Penn v. Lewis, 12 Mo. 161; Hen-
derson et al. v. Dickey et al., 50 Mo. 161.

No brief filed for respondent.

NORTONI, J.—This is a suit in replevin.   The
finding and judgment were for defendant and plaintiff
prosecutes the appeal.

The subject-matter involved is one computing
scale.   Plaintiff sold the scale involved to Elijah Fry,

on condition—that is to say, under what is known as a conditional sale contract, by the provisions of which the title to the property remained in the plaintiff vendor until the purchase price was fully paid. The price agreed upon was $110, and Fry paid $10 down at the time of the purchase. The payment is stipulated for at $10 per month, and it appears that $40 in all was paid as the installments fell due. Fry sold the scales to one J. E. Rollins, who took them with actual notice of plaintiff's claim—that is, of the contract between Fry and plaintiff whereby the title remained in plaintiff. Gilbert O. Nations, as assignee of Rollins, sold the scales to Haile and Byington, who likewise took them with actual notice of the conditional sale originally made by plaintiff to Fry. Haile and Byington sold the scales to I. W. Miller, and it appears that Miller was informed of the fact of plaintiff's claim, that they were not yet paid for and that the title resided under the original contract of sale in plaintiff.

Subsequently, I. W. Miller sold the scales to the present defendant, S. C. Aubuchon. There is substantial evidence tending to prove that Aubuchon knew the scales were not paid for and that they were originally purchased under a contract whereby the title continued to reside in plaintiff until full payment of the purchase price was made. The original contract of sale was in writing, but it does not appear to have been acknowledged. However, it was filed in the recorder's office of St. Francois county, where the property is situate, but was not recorded there.

Defendant put in no evidence whatever, but proceeded at the trial as though it devolved on plaintiff to tender to him, under the statute (section 2890, R. S. 1909), at least seventy-five per cent of the amount paid on the scales before the suit could be maintained. Over the objections and exceptions of plaintiff, defendant was permitted to elicit evidence in cross- ex-

187MoApp44

amination of plaintiff's witness, to the effect that no amount of the purchase money theretofore paid on the scales by Fry, the original purchaser, had been tendered by plaintiff to defendant before the suit. This was error, for it is said the statute (section 2890, R. S. 1909) requiring such tender in the case of conditional sales—that is, the tender of the sum paid thereon, after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed twenty-five per cent of the amount so paid—does not apply except between the original parties. [See Barnes v. Rawlings, 74 Mo. App. 531.]

The statute (section 2889, R. S. 1909), with respect to conditional sales, provides that such condition that the title shall remain in the vendor until the purchase price is paid shall be void as to all subsequent purchasers in good faith, unless such condition shall be evidenced by writing, executed, acknowledged, and recorded as provided in cases of mortgages for personal property. Here, it appears, the conditional sale contract was not acknowledged, but it was nevertheless filed, as mortgages on personal property may be, in the office of the recorder of deeds in the proper county. Whether it is essential to the validity of a chattel mortgage that it shall be acknowledged before a proper officer is unnecessary to decide, for it appears in the instant case that defendant had actual notice of the facts, even though the filing of the instrument without acknowledgment was not sufficient to impart constructive notice of plaintiff's claim. The evidence tends to prove that the present defendant, Aubuchon, knew of the conditional sale contract between plaintiff and Fry and that the scales were not paid for; moreover, that he had some arrangement with his immediate vendor, I. W. Miller, to the effect that, in event the scales were taken from him by plaintiff, Miller would compensate the loss. Obviously such actual notice of the transaction was at least equivalent to con-

structive notice imparted by the proper record and excluded him from the category of a purchaser in good faith. [See Dieckman v. Young, 87 Mo. App. 530; Kingsland v. Drum, 80 Mo. 646.]

The court seems to have treated with the case as though such actual notice to defendant was unavailing and the matter of his good faith in the purchase depended entirely upon the constructive notice—that is, through the filing of the conditional sale contract in the office of the recorder of deeds; moreover, that such conditional sale contract availed nothing unless acknowledged. Instruction No. 4, given by the court on defendant's theory of the case, authorizes a finding for defendant unless it appeared from the evidence that at the time plaintiff had filed for record with the recorder of deeds within and for said St. Francois county the written instrument duly acknowledged, etc., etc. Obviously this instruction was erroneous in view of the fact that the evidence tends to prove defendant possessed actual knowledge concerning the subject-matter.

The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.