### SOUTHERN RY. CO. v. McKINNEY et al.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1921.)

No. 3656.

1. **Attorney and client ⬠100—Attorney for next friend held not authorized to collect judgment.**

   Where a next friend is not authorized to receive the amount of a judgment rendered in his favor, his attorney of record cannot receive it, in the absence of a statute expressly so authorizing.

2. **Attorney and client ⬠100—Payment to attorney for next friend held not a satisfaction.**

   Under Code Ga. 1910, § 6307, providing that no prochein ami shall be permitted to receive the proceeds of any personal action in the name and on behalf of an infant until he has given bond to properly account for the same, the payment of a judgment in favor of infants, rendered in an action brought by their next friend, to his attorney, and by him to the next friend, who had not given bond, held not to discharge the defendant, except to the extent of the attorney's fee, which was agreed upon and retained by him from the amount paid.

3. **Courts ⬠406(2)—Circuit Court of Appeals may modify judgment of District Court.**

   A Circuit Court of Appeals has power to modify, instead of reversing, a judgment of a District Court.

---

In Error to the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

Action at law by Buena Dill McKinney, Nola Dill Shurbet, and Allen Dill, suing for the use of Buena Dill McKinney and Nola Dill Shurbet, against the Southern Railway Company. Judgment for plaintiffs, and defendant brings error. Modified and affirmed.

J. T. Stokely and R. H. Scrivner, both of Birmingham, Ala., and Sanders McDaniel, of Atlanta, Ga., for plaintiff in error.

W. A. Jenkins, of Birmingham, Ala., for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. A suit was brought in a state court of Georgia, by Buena Dill and Nola Dill, minors, by their next friend, Allen Dill, and by Allen Dill individually, jointly, against the Southern Railway Company, for the unlawful death of Clementine Dill, the mother of said minors and wife of said Allen Dill, and removed to the United States Circuit Court for the Northern District of Georgia at Atlanta. The state statute creates a right of action, jointly, in the husband and children. On April 11, 1907, a joint judgment in favor of plaintiffs for $6,500 was recovered. The amount of the judgment was paid to C. T. Ladson, attorney for plaintiffs, who reserved one-fourth thereof as his agreed fee, and paid the balance to Allen Dill, the father and next friend. The law of Georgia provides that—

"No prochein ami shall be permitted to receive the proceeds of any personal action, in the name and behalf of an infant, until such prochein ami shall have entered into sufficient bond to the Governor of the state, for the use of said infant and his representatives, conditioned well and faithfully to account of and concerning his said trust, which bond may be sued by order of the court in the name of the Governor, and for the use of such infant; and such bond shall be approved by the clerk of the court in which the suit may be commenced, and filed in his office." Code of Georgia 1910, § 6307.

This provision has been of force for many years, and was at the time of the bringing of this suit. Code of Georgia 1895, § 5681. The Code of Georgia also provides that, while a father is the natural guardian of his children, the natural guardian cannot demand or receive the property of a child until a guardian's bond is filed and accepted by the ordinary of the county. Code of Georgia 1895, § 2513. Dill had given no bond as either next friend or guardian.

On August 10, 1920, this suit was brought by Buena Dill McKinney and Nola Dill Shurbet, the two minors, through Allen Dill, as their next friend, in the United States District Court for the Northern District of Alabama, at Birmingham, on said judgment, to recover two-thirds of the amount thereof; the complaint admitting the payment to Allen Dill of his share, to wit, one-third, of said judgment. After the commencement of this suit proceedings were had in the United States District Court for the Northern District of Georgia, at Atlanta, against C. T. Ladson, to require him to enter an acknowledgment of a satisfaction of the judgment rendered therein as required by a statute of Georgia, which required:

"In all cases where payment or satisfaction shall be made on any judgment or execution, * * * it shall be the duty of the attorney receiving the same to enter his acknowledgment thereof, and file the same of record in the office of the clerk of the court where such judgment was rendered; and such clerk is required to record such acknowledgment among the other proceedings in the cause, and also to make a note thereof on the docket of judgments opposite the place where such judgment is entered." Code of Georgia 1910, § 6266.

The only parties to this proceeding were the Southern Railway Company and said Ladson. The same ripened into an order reciting that, said attorney having signed a written acknowledgment of the receipt of payment of said judgment, and the costs having been paid, the clerk enter and record said acknowledgment nunc pro tunc. By a subsequent order at the same term it was declared that said order was only intended to then permit and direct the entry by said attorney which should have been made at an earlier date without in any manner adjudicating the effect either of the entry or of the receipt of the money by said attorney. The proof showed the above facts and that Dill received the amount of this judgment, less an agreed fee of 25 per cent., from Ladson as attorney for plaintiffs; that Dill never gave a bond as guardian or next friend of said children.

The defendant insisted that the attorney of plaintiff had under the Georgia law authority to collect this judgment and that his receipt was a sufficient acquittance; also that defendant was in any event entitled to a credit for the 25 per cent. attorney's fee retained by Ladson. The court directed a verdict for the plaintiffs for the two-thirds of said judgment ($4,333.33) sued for, with 7 per cent. interest from April 11, 1907.

The Southern Railway Company insists that the court should have found (a) that the payment to the attorney of record was a good payment and his receipt satisfied said judgment; (b) that it was entitled to a credit of the 25 per cent. attorney's fee retained by Ladson. It is not disputed that no payment to Dill, the next friend, could have been properly made until he gave bond as provided by the Code section above quoted; but it is insisted by defendant that the attorney of record is an officer qualified by law to collect and discharge a personal judgment, and that the payment to him relieved it of further liability.

While he is liable to rule as an officer of court, as other collecting officers are, for failure to properly account to his clients for such collections (Code of Georgia 1910, §§ 5343, 6266), yet there is no statute of Georgia expressly constituting an attorney an officer to collect a judgment. While it is true that under the statute, where an attorney collects a judgment, he must enter a satisfaction thereof, and a failure so to do is a contempt, and unquestionably, where the plaintiff could receipt for the proceeds of a judgment, his attorney is under the decisions of the state of Georgia recognized as authorized to receive the collection and satisfy the judgment, and while he has an interest in the judgment for his fees, which cannot be defeated, he is not given any express statutory authority to collect, but derives his authority from his agency for his client. Here he was employed by the next

friend. His authority in collecting was, as to so much of the judgment as should have been held for the minors, only such as his principal, the next friend, had. Unless the next friend was qualified to himself collect the money, the attorney was not authorized to collect it for him.

[1] While there is some difference in the authorities, we think that as a whole they support the rule that, where a next friend cannot collect a judgment, his attorney of record cannot, in the absence of a statute expressly so authorizing.

"According to the weight of authority, a guardian ad litem or next friend of an infant in whose favor a judgment has been rendered is not authorized to receive the amount, or receipt for, discharge, or enter satisfaction of the judgment, nor can this be done by an attorney employed by the guardian ad litem. Where there is no one authorized to receive the amount of a judgment in favor of an infant, it is proper to direct that the money when collected shall be paid into court, subject to the order of the legally constituted guardian, when such an one shall appear, or to remain in court until the infant arrives at majority." 22 Cyc. 704; Paskewie v. East St. Louis & S. Ry. Co., 281 Ill. 385, 117 N. E. 1035, L. R. A. 1918C. 52; Collins v. Gillespy, 148 Ala. 558, 41 South. 930, 121 Am. St. Rep. 81; Wood v. Claiborne, 82 Ark. 514, 102 S. W. 219, 11 L. R. A. (N. S.) 913, 118 Am. St. Rep. 89, and note.

New York has a quite similar statute to the Georgia Code requiring a guardian ad litem to give a bond before he can receive the proceeds of a judgment recovered for the benefit of an infant. In a suit by an infant by guardian ad litem against a railroad, the defendant company paid the amount of a judgment recovered therein to the attorney of record. The New York Code expressly authorizes an attorney of record to execute a satisfaction piece on a judgment. The Court of Appeals of New York, holding that such attorney could not collect the judgment and discharge the defendant company, said:

"With much plausibility the learned counsel for the defendant argues that such a construction of section 1260 is incompatible with the true status of the attorney for the infant plaintiff, because it is the infant and not the guardian ad litem whom the law recognizes as the real party to the action. The answer to this argument is that just because the infant is the party he must be represented by a guardian who chooses the attorney, and the latter has and should have no greater authority than the person who appoints him. * * * In such cases the attorney does represent the infant, it is true; but he represents him through the mediation of the guardian from whom he directly receives his appointment and derives his authority." Greenburg v. New York Cent. R. Co., 210 N. Y. 505, 104 N. E. 931.

The cases cited to sustain the view that an attorney of record employed by a prochein ami may receive the sums due on a judgment and satisfy the same under the general authority of an attorney to collect the sums due on a judgment and enter a satisfaction thereof, where under the law of the state the prochein ami could not do so, do not in our judgment support this contention.

In each of these cases the court holds that the prochein ami (or guardian ad litem) had the right to satisfy the judgment. The case of State v. Ballinger, 41 Wash. 23, 82 Pac. 1018, 3 L. R. A. (N. S.) 72, while containing language which would sustain the contention made, is not decided on the ground that an attorney would have the authority on general principles where the prochein ami would not, but on the

ground that in that state the prochein ami of an infant who has no guardian would have the authority and therefore the attorney employed by him would have like authority; also that by the statute of the state (Ballinger's Ann. Codes & St. § 4766) an attorney, in addition to his general authority, is expressly authorized "to receive money claimed by his client * * * after judgment upon the payment thereof, and not otherwise, and to discharge the same or acknowledge satisfaction of the judgment," and construes this statute as embracing all judgments for every kind of client.

The case of Baker v. Pere Marquette R. R., 142 Mich. 497, 105 N. W. 1116, 3 L. R. A. (N. S.) 76, 7 Ann. Cas. 605, construes a state statute as conferring on a prochein ami a right to collect a judgment without giving bond, unless required by the court so to do, and that this would authorize his attorney of record to do so.

The case of Tripp v. Gifford, 155 Mass. 108, 29 N. E. 208, 31 Am. St. Rep. 530, decides solely that a prochein ami cannot bind an infant by a settlement out of court, not approved by the court, and that such agreement of settlement cannot be given in evidence against such infant.

Beliveau v. Amoskeag Mfg. Co., 68 N. H. 225, 40 Atl. 734, 44 L. R. A. 167, 73 Am. St. Rep. 577, does not deal with the authority of the attorney of record of a prochein ami; but only as to the right of an attorney for a plaintiff to agree upon a judgment and its satisfaction, and on the right of the defendant to treat such attorney as continuing to represent his client, though in fact discharged, where he still alone appears as counsel of record on the docket of the court and the defendant has no notice of his discharge.

· The case of Baltimore & Ohio R. R. Co. v. Fitzpatrick, 36 Md. 619, 625, holds that an attorney of record in collecting a judgment exercises the power of the prochein ami holding:

"Now, seeing that the prochem ami is thus authorized to receive and receipt for the money recovered, why is not the attorney retained by him equally authorized to receive and receipt for the money?"

This supports the view that where the prochein ami, as in the instant case, was not authorized to receive the money, his attorney would be equally without authority. Freeman on Judgments (4th Ed.) § 462, and Black on Judgments (2d Ed.) § 986, assert the disputed doctrine that where the infant has no guardian, in the absence of statutory prohibition, a prochein ami, or guardian ad litem, can receive and receipt for the money due on a judgment in favor of the infant. They do not contravene the doctrine that where the prochein ami has no such authority the attorney likewise has none. 14 R. C. L. p. 288.

The ruling of the Supreme Court of Georgia that the failure of the next friend to give the bond does not prevent the issuance and levy of an execution, where payment has not been made, does not, in our opinion, operate to frustrate the policy of the state, as indicated by the Code sections above quoted, requiring a prochein ami and a natural guardian to give bond before collecting any money due to an infant, that the estate of the infant shall at all times be protected by a bond.

If the defendant wishes to prevent the issuance of an execution he can procure an order of court to pay the amount of the judgment into court, or if execution has issued he can pay it to the sheriff as a collecting officer whose bond, as well as his official liability to rule, will protect the infant. Oxford Knitting Mills v. Sutton, 127 Ga. 162, 56 S. E. 298.

[2] The payment, therefore, of this money to the attorney of the prochein ami, who was not qualified to receive and receipt for it, was not a good payment as against the infants. We do not think, taking the entire record of the proceedings permitting and requiring the entry by the plaintiff's attorney of the receipt of the payment of the amount of the judgment by the Southern Railway Company, that there was any failure to give it full faith and credit. The court expressly ordered that the holding first inserted, "that therefore both the verdict and judgment rendered have been satisfied," be stricken from said order, and declared that the order was "intended to do no more than to direct and permit the attorney * * * to make an entry which under the laws of Georgia he should have made at an earlier date, without in any manner adjudicating the effect either of the entry or the receipt of the money by said attorney." This left such effect to be decided in the present case, which had been instituted before the proceedings to cause such entry to be made were begun, without embarrassment from, or possible conflict with, the order directing such entry to be made.

However, we think that the court erred in not recognizing the right of the Southern Railway Company to a credit for such part of this judgment as represented the fee of the attorney. It is quite clear that he retained this sum by virtue of his contract of employment, and that his fee was contingent on recovery by suit or settlement.

The sum retained was the lowest sum contracted for, and there is no evidence which attacks the reasonableness of the charge in this case. The fee was also presumptively reasonable. Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122, 128. The plaintiffs, therefore, were only entitled to recover so much of the judgment as they had been deprived of by the improper payment to the attorney of record, but not for those portions to which, if properly paid, they would not have been entitled. Cody v. Roane Iron Co.. 105 Tenn. 515, 58 S. W. 850. Had the prochein ami qualified by giving bond, and had his attorney been collecting for him, he would have had the right to retain his fee. Code of Georgia 1910, § 3364 (1).

[3] As there is no dispute on the facts, exercising the power possessed by this court to modify judgments of the District Court, instead of reversing the same, direction is given that 25 per cent. of the judgment rendered in this case be written off by said District Court, and that, as so modified, the judgment below stand affirmed. Thorpe et al. v. National City Bank of Tampa (C. C. A.) 274 Fed. 200; United States v. Illinois Surety Co., 226 Fed. 653, 664, 141 C. C. A. 409.